WISEMAN v. INTERSTATE PUBLIC SERVICE COMPANY.

4-3878

Opinion delivered July 8, 1935.

*Carl E. Bailey,* Attorney General, and *Lee Miles,* for appellant.

*House, Moses & Holmes* and *Eugene R. Warren,* for appellee.

McHANEY, J. Appellant brought this action against appellee, an Arkansas corporation, to recover income taxes, penalties and interest for the year 1931, alleging that it had failed and refused to file a return and pay the

tax, although it had received $180,000 net income from dividends on stock owned by it in Texas utility companies, and from a water and light plant owned and operated by it in Foreman, Arkansas, the income from the latter being alleged to be approximately $1,400. The action was instituted under the authority of ''The Income Tax Act of 1929,'' same being act 118 of the Acts of 1929.

Appellee denied appellant's right to recover income tax on its earnings, or dividends from stock owned by it in Texas corporations. It admitted its liability for taxes on income from its water and light plant at Foreman, for which it filed a return in due time and offered to pay, but same was refused. It alleged that of a total net income from all sources of $169,693.36, all of it except approximately $1,400, consisted of dividends on stock in Texas utilities owned by it which is not taxable income in Arkansas; that, in so far as said act 118 of 1929 attempts to tax it upon its income from such source, it is unconstitutional and void.

The case was submitted to the court upon an agreed statement of facts as follows: ''1. That the plaintiff is the duly appointed, qualified and acting Commissioner of Revenues for the State of Arkansas. That it is his duty to administer the Income Tax Act of 1929, or act 118 of the Acts of the General Assembly of 1929, approved March 9, 1929.

''2. Defendant is a corporation organized under the laws of the State of Arkansas, and the articles of incorporation fixed the corporation's office in the Boyle Building, in the city of Little Rock, Arkansas, and at such other places as might be named by the board of directors. Its principal business offices are at Madison, Wisconsin, and Bay City, Texas. The company transacts no business in Arkansas except the operation of a light and water plant at Foreman, Arkansas. The Arkansas representative named in the articles of incorporation was Carey W. Martin, of Little Rock, Arkansas, and the present Arkansas representative designated by the corporation is W. H. Holmes, of Little Rock, Arkansas.

''3. The Interstate Public Service Company owns stock in a number of utility concerns in Texas. It also

owns a water and light plant at Foreman, Arkansas, which is the only property it owns or operates or in which it is interested within the State of Arkansas. All of the business of the company is done through its office in Bay City, Texas, except that a local representative looks after the business of the light and water plant at Foreman, Arkansas, and forwards all receipts to Bay City, Texas. All the books and accounts and other financial transactions are now performed in Bay City, Texas, or Madison, Wisconsin.

"4. The total income from all of the properties of this company for the year 1931 was $197,975.35, and of this amount $176,000 consisted of dividends received from stock held by it in Texas utilities. These dividends were paid to this corporation at Bay City, Texas, and Madison, Wisconsin. None of said dividends and income came through Arkansas. The earnings of the Foreman, Arkansas, plant for the year 1931 amounted to $2,995.02. The net income for the defendant company for the year 1931, after deducting exemptions, including all of its holdings, was $169,693.21. The net income for the Foreman plant in 1931 was $1,313.36.

"5. Defendant has made its tax returns for the year involved, and has offered to pay income tax on its net earnings for its light and water plant at Foreman, Arkansas, and has refused to pay income tax on any other of its revenues.

"6. That, in the filing of its franchise tax report, for 1931, the defendant listed its Foreman, Arkansas, plant at a valuation of $22,227.29, and the balance of its holdings at a valuation of $422,021.60.

"7. That out of the total of net taxable income of $169,693.21, all of it was earned on stock held in utilities, and utilities owned outside of the State of Arkansas, except the net taxable income arising from the Foreman, Arkansas, plant, amounting to $1,313.36."

From the complaint, the answer and the stipulation the court found in favor of appellant for $26.27, the tax on the net income of the Foreman property, without penalty, and entered a decree accordingly. The case is here on appeal.

"The Income Tax Act of 1929" provides in § 3, subsection (b) that: "On Corporations.—Every corporation organized under the laws of this State shall pay annually an income tax with respect to carrying on or doing business equivalent to two (2%) per cent. of the entire net income of such corporation as defined herein, received ·by such corporation during the income year; and every foreign corporation doing business within the jurisdiction of this State shall pay annually an income tax equivalent to two (2%) per cent. of a proportion of its entire net income to be determined as hereinafter provided in this act."

Section 8 defines "Gross Income" as follows: "The words 'gross income' include gains, profits and income derived from salaries, wages or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, business, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, royalties, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. The amount of all such items shall be included in the gross income of the taxable year in which received by the taxpayer; provided, property sold upon what is known as the installment plan when the initial payment is twenty-five per centum or less, the income may be included for taxation in that portion of any installment payment representing gain or profit in the year in which payment is received, unless under the methods of accounting permitted under this act any such amounts are to be properly accounted for as of a different period."

Section 13 sets out the deductions allowable, and the difference constitutes net income on which a tax of 2 per cent. is payable. Section 20 requires corporations subject to taxation under the act to make a return under oath stating specifically the items of its gross income and the deductions and credits allowed by the act.

Under these provisions, appellee, a domestic corporation, was required to report all its income annually from

all sources, whether earned from property owned and operated in this State, or whether from dividends on stock owned by it in corporations whose properties are outside this State. Section 8 of said act so provides in defining "Gross Income." One clause specifically says: "Also from interest, rent, royalties, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever." This applies to individuals and corporations. Of course the tax is based on the net income, which is determined by taking from the gross income, the allowable deductions and credits.

Under the agreed statement of facts appellee "owns stock in a number of utility concerns in Texas. It also owns a water and light plant at Foreman, Arkansas," which it operates from its Bay City, Texas, office. It is simply a holding company for the stock owned by it in the Texas corporations. We do not find from the stipulation that it does any business in Texas, except to receive its dividends on the stock owned by it, keep its books of account there, and operate its Foreman, Arkansas, plant from its Texas office. It is not stipulated that it owns or operates any of the corporations in which it owns stock in Texas, but that it simply receives its dividends therefrom, and keeps its books in Texas. It is further stipulated that $176,000 of its income out of a total gross income from all sources of $197,975.35, is from dividends on its corporate holdings. It had gross income from Foreman of $2,995.02. It is not shown from what source the difference in gross income came. We therefore conclude that appellant is not carrying on any business outside the State of Arkansas for gain or profit, except it operates the Foreman, Arkansas, plant from its Texas office.

This brings us to a discussion of appellee's contention that "The Income Tax Act of 1929" is unconstitutional, in so far as it attempts to tax its income from sources outside this State. This contention is based on the fact that act 220 of the Acts of 1931, page 695, exempts corporations organized under the laws of this State to do business outside this State, but no intra-

state business, from the payment of all income and intangible property taxes on the filing of an annual report and the payment of an annual fee of $5. Said act was approved March 26, 1931, but did not become effective until 90 days later, because of lack of an emergency clause. It is said that this is an unlawful discrimination against appellee and other domestic corporations having taxable income from sources both within and without the State, and the case of *F. S. Royster Guano Co.* v. *Commonwealth of Virginia,* 253 U. S. 412, 64 L. ed. 989, 40 Sup. Ct. Rep. 560, is cited to support its contention. There the Royster Company owned and operated a plant in Virginia and several plants in other States, and it was sought to collect an income tax from it on income derived from all sources, as here, under its act of 1916. Another act of Virginia of 1916 exempted domestic corporations doing no business within the State from the income tax. It was held by the Supreme Court of the United States, that two acts must be construed together as parts of one and the same law, and that, while the equal protection of the laws clause of the Constitution does not prevent the States from resorting to classification for legislative purposes, such classification must be reasonable and not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly situated shall be treated alike. And the State's right to collect the tax on income outside the State was denied, the Supreme Court of Virginia being reversed, on the ground that there was an arbitrary discrimination against the Royster Company amounting to a denial to it of the equal protection of the laws within the meaning of the Fourteenth Amendment.

We, of course, assent to this doctrine, but are of the opinion that appellee is in no situation to invoke it. First, because it is engaged in no occupation for gain or profit outside of Arkansas; and, second, the discriminatory act, if it be discriminatory, No. 220 of the Acts of 1931, did not become effective until more than one-half the taxable year had elapsed, the year for which the tax is sought to be collected, and it is not shown that there are any

corporations organized under the laws of this State to do business wholly outside this State. Moreover, it may be that act 220 of 1931 is unconstitutional and may be so held in a proper case, a question we do not now decide, although appellant earnestly insists that it is.

The courts generally hold that a State has the power to tax a citizen or a domestic corporation on income either within or without the State. 61 C. J., § 2323, p. 1575; *Lawrence* v. *State Tax Com. of Miss.*, 162 Miss. 338, 137 So. 503, affirmed by Supreme Court of United States in 286 U. S. 287, 76 L. ed. 1102, 87 A. L. R. 374, 52 Supreme Court Rep. 556; *Franklin* v. *Carter*, 51 Fed. (2d) 345. We therefore conclude that appellee should have filed a return for the taxable year of 1931 embracing all its income from all sources. It is stipulated that its net income for that year is the sum of $169,693.21. Two per cent. of this amount is $3,393.86.

Appellant insists, however, that this amount should be doubled, by way of a penalty, and also an additional penalty of 1 per cent. per month for a time beginning July 15, 1932, or a total tax and penalty of $9,027.66 due. We cannot agree with appellant in this contention. No return covering the dividends from Texas companies was made because appellee was advised by learned counsel that it was not required to do so. It defended this action in good faith. The act authorizes the Commissioner to make an assessment, under certain conditions set out in subsection 10 of § 30, at not to exceed double the amount of tax found to be due, which was not done. It made what it conceived to be a correct return, and did not fraudulently conceal its other income. Under these conditions we think it would be inequitable and unjust to impose the extreme penalties provided in the act, for we conceive them to be inapplicable to the facts and circumstances of this case.

The decree will be reversed, and judgment will be entered here against appellee for the amount of the tax with interest at 6 per cent. per annum from July 15, 1932. Costs will also be adjudged against it. It is so ordered.