McCarroll, Commissioner of Revenues, *v.* Gregory-Robinson-Speas, Inc.

4-5518                                    129 S. W. 2d 254

Opinion delivered April 10, 1939.

236

*Lester M. Ponder* and *Frank Pace, Jr.,* for appellant.

*Paul Martin, Jr., Owens, Ehrman & McHaney,* for appellee.

Holt, J. Appellant brings this appeal from a decree of the Pulaski chancery court overruling its demurrer to appellee's complaint and amendment thereto on March 9, 1939.

Appellee in its complaint, alleges as follows: "That it is a corporation, duly organized and existing under the laws of the state of Arkansas, having its principal place of business in the city of Rogers, in the state of Arkansas; that the defendant, Earl R. Wiseman, is a duly appointed, qualified and acting Commissioner of Revenues for the state of Arkansas, and in such capacity, it is his duty to administer the income tax act of 1929, or act 118 of 1929.

"That it is engaged in the business of manufacturing and selling vinegar manufactured principally from apples grown in northwestern Arkansas.-

"That, on January 1, 1931, the O. L. Gregory Vinegar Company, a Texas corporation, with its places of business at Paris, Texas, and at Mobile, Alabama; the Springdale Vinegar Company, an Arkansas corporation, with its place of business at Springdale, Arkansas; the American Vinegar Manufacturing Company, an Oklahoma corporation, with its place of business at Oklahoma City, Oklahoma; and Gregory-Robinson-Speas, Inc., an Arkansas corporation, with its place of business at Rogers, Arkansas, merged and consolidated under the name of Gregory-Robinson-Speas, Inc., with its main office at Rogers, Arkansas.

"Plaintiff states that it is not, in fact, operating as a domestic corporation with branch outlets in Oklahoma, Texas and Alabama, but that it is a consolidation of several plants engaged in manufacturing vinegar. That

since January 1, 1931, it has been doing business as a multi-state corporation. That each branch or plant has separate books, separate offices and operates as a separate and distinct unit in the several states wherein the units are located. That its stockholders are residents of several states.

"That defendant, Earl R. Wiseman, as Commissioner of Revenues for the state of Arkansas, has notified plaintiff that he intends to take action to collect from it the sum of $2,195.67, which sum represents two per cent. (2%) of the net income and interest from all of the plants located in Oklahoma, Texas and Alabama for the years 1931, 1932, 1933 and 1934. Plaintiff states that it has assessed and that it has paid to defendant the income tax based on the earnings from its properties located in the state of Arkansas for all of said years. That it has paid an income tax to the state of Oklahoma for the years mentioned from income earned from properties located in that state, and it has paid to the state of Alabama an income tax for the years mentioned from income earned from properties located in that state. The state of Texas has no income tax law.

"Plaintiff states that act 220 of the Acts of 1931, page 695, exempts corporations organized under the laws of this state to do business outside this state but no intra-state business from the payment of all income and intangible property taxes. That act 118 of 1929, the Income Tax Act, is unconstitutional, in so far as it attempts to tax plaintiff's income derived from sources outside the state of Arkansas. That act 220 of 1931 is an unlawful discrimination against it and other domestic corporations having income-producing businesses both within and without the state of Arkansas. That such classification which attempts to tax income from plants outside the state denies to the plaintiff the equal protection of the laws, in violation of the Fourteenth Amendment to the Constitution of the United States, and amounts to the taking of its property without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States, and art. II, § 8, of the Constitution of the state of Arkansas.

"That said plants located outside the state of Arkansas are not engaged in any business in the state of Arkansas nor do they enjoy any police protection or other benefits from the state of Arkansas. That said plants outside the state pay income taxes to the state wherein said plants are located and where said income is earned. That the assessment by the state of Arkansas of income taxes on its plants located in other states where said taxes are payable amounts to double-taxation, contrary to the Constitutions of the United States and the state of Arkansas.

"That the plaintiff has no adequate remedy at law since, under the statutes made and provided, it cannot pay the tax and maintain an action for the recovery thereof. That, unless enjoined, the defendant will proceed with an action to enforce the payment of said void, unauthorized and unconstitutional tax on the income from its plants located outside the state of Arkansas for the years mentioned. That the plaintiff is entitled to a permanent injunction, enjoining the defendant from assessing and collecting an income tax on its properties outside the state of Arkansas.

"Wherefore, plaintiff prays that act 118 of 1929, the Income Tax Act, be declared unconstitutional and void, in so far as it attempts to tax its income from its plants located outside this state, and that said defendant be permanently enjoined from taking any action against it or any of its employees or agents to collect said tax. And the plaintiff prays for its costs herein expended, and for all other proper and equitable relief."

The amendment to this complaint further alleges: "That the defendant, Z. M. McCarroll, as Commissioner of Revenues for the state of Arkansas, has also notified plaintiff that he intends to take action to collect from it the further sum of $825, which sum represents two per cent. (2%) of the net income, interest and penalty from plaintiff's plants located outside the state of Arkansas and from business done and sales made by plaintiff outside the state of Arkansas for the year 1935. That defendant has also notified plaintiff that he intends to take

action to collect from it a two per cent. (2%) tax on all income earned by plaintiff on all business done outside the state of Arkansas for the years 1936 and 1937. That defendant is seeking to collect from plaintiff an additional income tax for the years 1931 to and including the year 1937. Plaintiff states that it has paid a two per cent. (2%) tax on its income to the state of Arkansas on its income earned within the state of Arkansas for the years 1931 to 1937, inclusive.''

Appellant filed its demurrer to this complaint and the amendment thereto alleging (1) that the court has no jurisdiction of the person of appellant or the subject-matter of the action, and (2) that the complaint does not state facts sufficient to constitute a cause of action, and upon a hearing in the Pulaski chancery court the court made an order overruling the demurrer, to which action of the court appellant duly excepted, refused to plead further, elected to stand on its demurrer, prayed for and was granted an appeal to this court from the decree rendered.

In its decree, the trial court, among other things, said: . ''That act 118 of 1929 of the General Assembly of the state of Arkansas, the Income Tax Act, is unconstitutional and void in so far as it attempts to tax plaintiff's income from its plants located outside the state of Arkansas, and doth find that this court has jurisdiction of the person of the defendant and the subject of this action, and that the complaint and the amendment thereto do state facts sufficient to constitute a cause of action; doth overrule said demurrer and doth permanently enjoin the defendant from taking any action against the plaintiff, its employees or agents, to collect any tax on its income earned from its plants located outside the state of Arkansas.''

The appellant herein having elected to stand on its demurrer, all facts properly alleged in the complaint and the amendment thereto must be taken as admitted to be true.

On this record it is, first, earnestly insisted by appellant that the trial court had no jurisdiction in this

case for the reason that appellee has failed to follow the procedure laid down in §§ 31 and 32 of art. VII of act 118 of 1929.

Appellant cites and relies upon a number of federal cases in support of this contention. We are of the opinion, however, that these cases are not controlling here, but only apply in those instances where the taxing statute is constitutional and there is a dispute as to the amount of the assessment. or the construction of a valid act. These cases refer to federal income tax cases.

. The Constitution of the state of Arkansas contains, we think, authority for equity jurisdiction in a case of this character in § 13 of art. XVI, which is as follows: "Any citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever."

In *Farrell* v. *Oliver*, 146 Ark. 599, 226 S. W. 529, this court held the above section broad enough to afford a remedy against an illegal state tax and, among other things, said: "The right of appellants to maintain this suit is challenged, but we are of the opinion that as citizens and taxpayers of one of the counties of the state they can maintain an action to restrain the auditor and treasurer from paying out funds without legal appropriation thereof by the Legislature.

"The Constitution (art. XVI, § 13) provides that 'any citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever.'

"This court has construed that provision to mean that a misapplication by a public official of funds arising from taxation constitutes an exaction from the taxpayers and empowers any citizen to maintain a suit to prevent such misapplication of funds. *Lee County* v. *Robertson*, 66 Ark. 82, 48 S. W. 901; *Grooms* v. *Bartlett*, 123 Ark. 255, 185 S. W. 282. The provision quoted above refers, in express terms, to citizens 'of any county, city or town,' but the exactions from which a remedy is afforded are

not those limited to counties or towns, and this provision of the Constitution is broad enough to afford a remedy against state-wide exactions which are illegal. Such is the effect of our decision in *Griffin* v. *Rhoton,* 85 Ark. 89, 107 S. W. 380.''

The right of any citizen or taxpayer to go into a court of equity for relief was upheld in *Green* v. *Jones,* 164 Ark. 118, 261 S. W. 43, wherein this court said: ''Section 13 of art. XVI of the Constitution of 1874 provides that any citizen of any county may institute suit in behalf of himself and all others interested to protect the inhabitants thereof against the enforcement of any illegal exactions whatever. Under this section this court has uniformly upheld the jurisdiction of chancery courts, upon the application of citizens and taxpayers, to enjoin the collection of illegal taxes levied on their property.''

We are of the opinion, therefore, that an individual has the right to go into a court of equity to enjoin the enforcement of any illegal tax or exaction and that this same right inures to the corporation, appellee, in the instant case, since a corporation is a person within the meaning of the equal protection and due process clauses of the Fourteenth Amendment to the Constitution of the United States.

In *Covington & L. Turnpike Road Co.* v. *Sandford,* 164 U. S. 578, 17 S. Ct. 198, 41 L. Ed. 560, the Supreme Court of the United States said: ''It is now settled that corporations are persons within the meaning of the constitutional provisions forbidding the deprivation of property without due process of law, as well as a denial of the equal protection of the laws.''

We, therefore, hold that the provisions of the Arkansas State Income Tax law (act 118 of the Legislative Session of 1929) which prohibit recourse by injunctive relief, are invalid as applied to appellee in the instant case and that the chancery court had jurisdiction to hear this cause and to grant the injunction.

We come next to consider the constitutionality of the exaction by the State Revenue Commissioner of the tax in question. Is act 118 of 1929 (Income Tax Act), as

construed by appellant as applied to appellee in this case, when read in connection with act 220 of 1931, which exempts domestic corporations, doing business wholly without this state, from all income taxes, unconstitutional, because a denial of the equal protection clause of the Fourteenth Amendment to the Federal Constitution? We think that it is.

The Income Tax Act, *supra,* provides for the collection of two per cent. (2%) of the net income of all domestic corporations while requiring foreign corporations to pay only upon that portion of their net income derived from business transacted within the state.

Act 220 of the 1931 Legislature specifically provides that upon the payment of the $5 annual fee, domestic corporations doing business entirely without the state shall "be exempt from obligation of filing with any state or county official, any other return, financial statement, or other report, and from the payment of any other general, special, or other taxes (except tangible property tax) imposed upon corporations organized for the purpose of doing business within this state."

We are of the opinion that these two acts taken together impose upon appellee a discriminatory and arbitrary exaction of the tax in question and to this extent is unconstitutional and unenforceable, being violative of appellee's rights under the Fourteenth Amendment to the Constitution of the United States and art. II, § 8, of the Constitution of the state of Arkansas.

We think the identical question presented in this case has been definitely decided against appellant by the Supreme Court of the United States in the case of *F. S. Royster Guano Co.* v. *Commonwealth of Virginia,* 253 U. S. 412, 40 S. Ct. 560, 64 L. Ed. 989, under a state of facts practically identical with those in the instant case. This court in *Wiseman* v. *Interstate Public Service Company,* 191 Ark. 255, 85 S. W. 2d 700, in its consideration of the Royster-Virginia Case, *supra,* among other things, said: "There the Royster Company owned and operated a plant in Virginia and several plants in other states, and it was sought to collect an income tax from it

on income derived from all sources, as here, under its act of 1916. Another act of Virginia of 1916 exempted domestic corporations doing no business within the state from the income tax. It was held by the Supreme Court of the United States, that two acts must be construed together as parts of one and the same law, and that, while the equal protection of the laws clause of the Constitution does not prevent the states from resorting to classification for legislative purposes, such classification must be reasonable and not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly situated shall be treated alike. And the state's right to collect the tax on income outside the state was denied, the Supreme Court of Virginia being reversed, on the ground that there was an arbitrary discrimination against the Royster Company amounting to a denial to it of the equal protection of the laws within the meaning of the Fourteenth Amendment.''

In the instant case it is admitted that the appellee, in addition to its operations within the state of Arkansas, owns and operates plants in the states of Oklahoma, Texas and Alabama, and further that there are other corporations organized under the laws of this state doing business wholly without the state of Arkansas. These facts were not present in the Wiseman Case, *supra*, and we do not think that the decision reached in that case controls here, the facts being materially different.

We think it clear that act 220 of 1931, *supra*, relieves domestic corporations doing business entirely without the state of Arkansas from the payment of any income tax to this state, and that when this act is read in connection with the general income tax act of 1929, *supra*, that under the decision of the United States Supreme Court in the Royster Case, *supra*, the imposition of an income tax upon a domestic corporation, doing business both within and without this state, on income derived from sources outside of Arkansas denies to such domestic corporation the equal protection of the laws and amounts to the taking of its property without due process in vio-

lation of the Fourteenth Amendment to the Constitution of the United States and art. II, § 8, of the Constitution of the state of Arkansas.

We conclude, therefore, that the decree of the chancellor is correct, and accordingly it is affirmed.