DUNKLIN. *v.* McCARROLL, COMMISSIONER OF REVENUES.

4-5826                                        136 S. W. 2d 675

Opinion delivered December 11, 1939.

*Daily & Woods,* for appellant.

*Frank Pace, Jr.,* and *Lester M. Ponder,* for appellee.

MEHAFFY, J.   The appellant, A. C. Dunklin, filed suit in the Pulaski chancery court against the appellee, Z. M. McCarroll, Commissioner of Revenues. It is alleged in the complaint that appellant is one of the partners in several partnerships which operate ginning and mercantile businesses in the states of Arkansas and

Oklahoma; that the Arkansas business is conducted separately and apart from the Oklahoma business; that the income derived from Arkansas business is derived from plants located in the State of Arkansas and business done by said partnerships at such plants located in the State of Arkansas; that the income derived from the Oklahoma business is derived from plants located in the State of Oklahoma; that the plants located in the State of Oklahoma are not engaged in business in Arkansas and derive none of their income from said state; that during each of the years mentioned in the complaint, appellant has duly reported to the State of Arkansas his share of the income of such partnerships derived from the plants located in and business done by said partnerships in Arkansas, and has duly paid the state the correct tax imposed by the Arkansas income tax statute; that during the years 1936, 1937, and 1938 the appellant has also reported and duly paid to the State of Oklahoma as he is required to do by its income tax statute the correct tax imposed by the Oklahoma income tax law on his share of the income of such partnerships arising from plants located in and business done by said partnerships in the State of Oklahoma; but no tax has been paid by the appellant on this Oklahoma income to the State of Arkansas; that the appellee has made written demands upon the plaintiff to pay additional income tax to the State of Arkansas for the years above mentioned; that the claimed additional income tax for each of said years demanded by the appellee is for supposed income tax on said Oklahoma income; that the demand shows and the appellee wrongfully claims that the plaintiff should pay income tax to the State of Arkansas upon said Oklahoma income derived as heretofore alleged; that said demand and claim of the appellee is an illegal exaction for the following reasons: The tax for each of said years was imposed by Act No. 118 of the Acts of 1929 as amended and modified by Act 220 of the Acts of 1931.

(a) That under section 15 of said Act 118, non-residents of the State of Arkansas and foreign corporations doing business in the State of Arkansas are only

required to pay an income tax on the income derived by them from the business carried on in the State of Arkansas, and that under said section the income derived by such non-residents and foreign corporations from business carried on by them in the State of Oklahoma and other states is not taxable by the State of Arkansas.

(b) That by the provisions of Act 220 of the Acts of 1931 corporations organized under the laws of the State of Arkansas doing business solely without the State of Arkansas are not required to pay income tax to the State of Arkansas on business done in the State of Oklahoma and other states. Such income is not taxable by the State of Arkansas.

(c.) That under said Act 118 of the Acts of 1929 and Act 220 of the Acts of 1931 as read together, and construed by the Supreme Court of Arkansas, corporations organized under the laws of the State of Arkansas and having plants and doing business in the state of Oklahoma and other states, are not required to pay income tax to the State of Arkansas on income derived from business done by them in Oklahoma and other states, and such income is not taxable by the State of Arkansas; that in each of the years mentioned there were persons and corporations described in (a) above who did business both in the State of Arkansas and other states of the union, and under the terms of the Arkansas statute were not required to and did not pay income tax to the State of Arkansas on income from business done by them outside the State of Arkansas; that in each of the years mentioned there were corporations of the class described in (b) who did business outside of the State of Arkansas and who, under the terms of the Arkansas law, were not required to and did not pay income tax to the State of Arkansas on their income from business done outside the State; that Act 118 and Act 220 above mentioned, when read and construed together, are unconstitutional and void insofar as they attempt to tax appellant's income derived from sources outside the State, and they constitute an unlawful discrimination against the appellant, and that the classifi-

cation which attempts to tax income of this appellant derived from such plants and business outside the State of Arkansas and at the same time does not tax, but exempts similar income of the individuals and corporations described above amounts to taking appellant's property without due process of law in violation of the Constitution of the State of Arkansas, and is repugnant to and in violation of § 8 of art. 2; that the demand and attempt of appellee to collect such illegal tax and to impose interest and penalty for failure to pay same constitutes an illegal exaction against which appellant is entitled to relief, and that he has no adequate remedy at law; that appellant is entitled to a permanent injunction and prays that Act 118 of 1929, as amended and modified by Act 220 of 1931, be declared unconstitutional and void insofar as it attempts to tax appellant's income from said plants and business located outside of the State of Arkansas, and that appellee be permanently enjoined from taking any action against appellant to collect said tax.

Appellee filed a demurrer to the complaint stating that the complaint did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, appellant refused to plead further, and elected to stand upon his complaint. The court dismissed his complaint, and the case is here on appeal.

It is first contended by appellant that the act, if enforced according to the commissioner's idea, is discriminatory against appellant and all other citizens similarly situated, and is repugnant to the provisions of the state Constitution designed and intended to protect citizens from such arbitrary class legislation.

Attention is called to *McCarroll, Commissioner of Revenues* v. *Gregory-Robinson-Speas, Inc.,* 198 Ark. 235, 129 S. W. 2d 254, 122 A. L. R. 977. The court said in that case that: "The imposition of an income tax upon a domestic corporation, doing business both within and without this state, on income derived from sources outside of Arkansas denies to such domestic corporation the equal protection of the laws and amounts to the

taking of its property without due process in violation of the Fourteenth Amendment to the Constitution of the United States and art. 2, § 8, of the Constitution of the state of Arkansas.''

It is, therefore, settled by the former decisions of this court that domestic corporations doing business both within and without the state are not required to pay income tax to the state of Arkansas on income derived from sources outside of Arkansas.

It is contended by the appellant that to require citizens of Arkansas to pay income tax on income derived from business outside of the state is an arbitrary discrimination.

There are numerous laws that apply to corporations that do not apply to individual citizens.

In the case of *Lawrence et al.* v. *State Tax Commission of Miss.*, 286 U. S. 276, 52 S. Ct. 556, 76 L. Ed. 1102, 87 A. L. R. 374, the Supreme Court of the United States said: ''Appellant, a citizen and resident of Mississippi, brought the present suit to set aside the assessment of a tax upon so much of his net income for 1929 as arose from the construction by him of public highways in the state of Tennessee. The taxing statute was challenged on the ground that insofar as it imposes a tax on income derived wholly from activities carried on outside the state, it deprived appellant of property without due process of law, and that in exempting corporations, which were his competitors, from a tax on income derived from like activities carried on outside the state, it denied to him the equal protection of the laws.

''The obligation of one domiciled within a state to pay taxes there, arises from unilateral action of the state government in the exercise of the most plenary of sovereign powers, that to raise revenue to defray the expenses of government and to distribute its burdens equally among those who enjoy its benefits. Hence domicile in itself establishes a basis for taxation. Enjoyment of the privileges of residence within the state, and the attendant right to invoke the protection of its laws, are inseparable from the responsibility for sharing the costs of government.''

The court in the same case further said: "The statute relieves domestic corporations from the tax only insofar as their income is derived from activities carried on outside the state. The appellant is thus compelled to pay a tax from which his competitors, if domestic corporations, are relieved, and this, it is urged, is so plainly arbitrary as to infringe the equal protection clause.

"But as there is no constitutional requirement that a system of taxation should be uniform as applied to individuals and corporations, regardless of the circumstances in which it operates, acceptance of this contention would relieve the appellant from the burden which rests on him to overcome the presumption of facts supporting constitutionality, which attaches to all legislative acts, and would require us to assume that there is no state of facts reasonably to be conceived which could afford a rational basis for distinguishing, for taxation purposes, between income of individuals and that of domestic corporations, derived from business carried on without the state."

As we have already said, there are numerous laws, some of which put considerable burdens on corporations, that do not apply to individuals, and there is no constitutional provision requiring that the system of taxation should be uniform as applied to individuals and corporations regardless of the circumstances in which it operates. Not only has the Supreme Court of the United States held that there is nothing in the Constitution to require uniform taxations as applies to individuals and corporations with reference to taxes of this character, but numerous states have announced the same doctrine. The court has held that the income tax is not a property tax. If it were a property tax, then under the provisions of our Constitution it would have to be equal and uniform, but there is no such requirement as to other taxes. A number of state courts have held that a state may tax its resident citizens on their total income, no matter from what source derived. *State* v. *Weil,* 232 Ala. 578, 168 So. 679; *Featherstone* v. *Norman,* 170 Ga. 370, 153 S. E. 58, 70 A. L. R. 449; *Maguire* v. *Tax Commissioner,* 230 Mass. 503, 120 N. E. 162, aff'd 253 U. S. 12, 40 S. Ct.

417, 64 L. Ed. 739; *State* v. *Gulf, M. & N. R. Co.*, 138 Miss. 70, 104 So. 698; *Crescent Mfg. Co.* v. *Tax Commission*, 129 S. C. 480, 124 S. E. 761; *Village of Westby* v. *Bekkedal*, 172 Wis. 114, 178 N. W. 451.

We said in the case of *Stanley* v. *Gates*, 179 Ark. 886, 19 S. W. 2d 1000: "It is claimed that the act is discriminatory on its face between corporations and individuals. It is well settled that putting corporations in one class and individuals in another is a proper classification. The courts hold that there is a substantial difference between individuals and corporations which justifies classification. A corporation is an artificial person, created by the state, endowed with franchises and privileges of many kinds which the individual has not. The tax is measured by a percentage on the net income from the business."

The sole question in this case is whether there is any reasonable basis for the separate classification of individuals and corporations for income tax purposes. Not only has this court held, but also many others, that there is a reasonable basis for the exemption of corporations under certain circumstances, and they have uniformly held that the question of the classification was for the Legislature.

The classification made by the Legislature is reasonable, and is neither arbitrary nor discriminatory. The chancery court correctly sustained the demurrer, and the decree is affirmed.