MORGAN *v.* COOK, COMMISSIONER OF REVENUES.

4-8211                                      202 S. W. 2d 355

Opinion delivered May 26, 1947.

*Shaver, Stewart & Jones,* for appellant.

*Bruce T. Bullion,* for appellee.

MINOR W. MILLWEE, Justice. This is a suit by appellant, Harmon Morgan, to enjoin appellee, Commissioner of Revenues for the State of Arkansas, from the collection of taxes on appellant's income for the year 1943.

On October 10, 1946, appellee notified appellant in writing that he had failed to file an income tax return for the year 1943; that information coming to the Revenue Department revealed that appellant had earned a net income of $12,737.73, upon which there was due the State of Arkansas taxes, penalty and interest in the sum of $370.49, payment of which was demanded. Appellant protested the demand and a hearing before the Commissioner resulted in rejection of appellant's claim of exemption and a renewal of the demand for payment of the tax. Appellant then filed this suit in the Miller Chancery Court to enjoin appellee from enforcing the demand for payment of any part of the tax, penalty and interest assessed against him.

Appellant alleged in his complaint that he was a resident and citizen of Texarkana, Arkansas, and derived his entire income from the operation of a clothing store in Texarkana, Texas; that appellee sought collection of the tax under and by virtue of the provisions of Act 162 of 1943; that said act is unconstitutional and void in its entirety because of the proviso contained in § 2 which states that no income arising from the use, production or sale of real estate, situated in another state, but owned by a resident of Arkansas, should be included in the income of such resident for income tax purposes; that said proviso rendered said Act 162 unconstitutional for numerous reasons set forth in the complaint.

In his answer appellee admitted most of the allegations of the complaint. He denied that the tax against appellant was sought to be assessed and collected under Act 162 of 1943 and specifically alleged that such tax was assessed and sought to be collected pursuant to the provisions of Act 118 of 1929 as amended. The answer also denied the allegations of the complaint relating to the alleged unconstitutionality of Act 162 of 1943.

The cause was heard by the Chancellor upon the pleadings and a stipulation in which it was agreed that appellant at all times mentioned was a resident and citizen of Texarkana, Miller county, Arkansas, and during 1943 and subsequent years has derived his entire income from the operation of a clothing store located in Texarkana, Texas, which is his sole place of business; that it is the duty of appellee to administer the Income Tax Act (Act 118 of 1929) as amended and supplemented by Act 162 of 1943, and by other statutes; that during 1943 appellant received a net taxable income of $12,737.73 from the aforesaid business conducted in the State of Texas and this amount was his only income for that year; that in 1943 appellant paid a poll tax and personal and real property taxes, including taxes on his home, in Miller county, Arkansas; and that he paid personal property taxes in Texas on the aforesaid store merchandise and fixtures, including taxes imposed by the state, county and municipal authorities of that state. The written notice and demand for payment of the tax, penalty and interest together with the rejection of appellant's claim of exemption were attached to and made a part of the stipulation.

A decree was entered dismissing the complaint of appellant and ordering payment of the delinquent tax, penalty and interest due the State of Arkansas in the sum of $370.49. The decree contains the following findings made by the trial court:

"1. That plaintiff is now, and was during the entire year of 1943, a citizen and resident of the City of Texarkana, Miller county, Arkansas;

"2. That plaintiff now receives, and received during the year of 1943, his entire income from the operation of a clothing store which is located in Texarkana, Texas;

"3. That no part of plaintiff's income for the year 1943 was derived from the use, sale or production of real property located outside the State of Arkansas;

"4. That under this set of facts the plaintiff owes and should pay to the State of Arkansas an income tax

on his entire net income for the year of 1943, from whatever source and wherever derived, pursuant to the provisions of Act 118 of 1929.''

The primary contention of appellant for reversal of the decree is that Act 118 of 1929 does not authorize the collection of a tax from a resident individual on income earned in another state, and that the first legislative attempt to grant such power was made in Act 162 of 1943. In Art. II, § 3(a) of Act 118 of 1929 it is provided: ''A tax is hereby imposed upon and with respect to the entire income of every resident, individual, trust or estate, which tax shall be levied, collected and paid annually upon such entire net income as herein computed, at the following rates, after deducting the exemptions provided in this Act; . . . ''

Article III, § 8 (1) of Act 118, *supra*, provides: ''The words 'gross income' include gains, profits and income derived from salaries, wages or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, business, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, royalties, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever.''

The Chancellor held that the language of the above sections of the statute empowered the State of Arkansas to tax its resident citizens on their total income, whether derived from inside or outside this state. It is insisted by appellant that the reference to ''entire net income'' of an individual resident in § 3(a) of Act 118, *supra*, means entire net income derived from property located or business transacted within this state. It is also contended that the term ''from any source whatever'' used in Art. III, § 8(1), *supra*, does not relate to the place where the revenue is obtained, but applies solely to the revenue agencies listed in the paragraph in which the term is used. We cannot agree with appellant's interpretation of the

meaning of the language employed by the Legislature. While the statute does not specifically assert that the foreign income of an individual resident is subject to the tax, there is no exception which may be construed as exempting income earned outside the state, and the Act is clearly made applicable to the entire income of every resident regardless of the source of such income.

In *Dunklin* v. *McCarroll, Commissioner,* 199 Ark. 800, 136 S. W. 2d 675, it was held that this state was empowered by Act 118 of 1929, *supra,* to tax the income derived from sources outside the state by an individual resident. In that case Dunklin was a partner in a mercantile business which operated both in Arkansas and Oklahoma. The Arkansas business of the partnership was conducted separately from the Oklahoma business and the income derived from the operation of the business in each state was separable. Dunklin paid a tax to Arkansas on the income of the partnership business in this state and paid to Oklahoma a tax on the income from the Oklahoma business. The Commissioner of Revenues of this state made an assessment upon the unreported Oklahoma income, contending that all of Dunklin's income, no matter where earned, should have been reported to the State of Arkansas and a tax paid thereon. To avoid payment of the tax Dunklin, as does appellant here, relied on the case of *McCarroll, Commissioner,* v. *Gregory-Robinson-Speas, Inc.,* 198 Ark. 235, 129 S. W. 2d 254, 122 A. L. R. 977, which held that a domestic corporation doing business both within and without the state was exempt from the payment of an income tax upon the income derived outside the state because domestic corporations doing business wholly outside the state were exempt by Act 220 of 1931. This court, in holding Dunklin liable for the tax upon the income earned in Oklahoma, discussed the right of the state to tax its citizens upon income earned outside the state, saying: ''A number of state courts have held that a state may tax its resident citizens on their total income, no matter from what source derived. *State* v. *Weil,* 232 Ala. 578, 168 So. 679; *Featherstone* v. *Norman,* 170 Ga. 370, 153 S. E. 58, 70 A. L. R. 449; *Maguire* v. *Tax*

*Commissioner,* 230 Mass. 503, 120 N. E. 162, aff'd 253 U. S. 12, 40 S. Ct. 417, 64 L. Ed. 739; *State* v. *Gulf, M. & N. R. Co.,* 138 Miss. 70, 104 So. 698; *Crescent Mfg. Co.* v. *Tax Commission,* 129 S. C. 480, 124 S. E. 761; *Village of Westby* v. *Bekkedal,* 172 Wis. 114, 178 N. W. 451.''

While the decision in the Dunklin case was based primarily upon the right of the lawmakers to classify individuals separately from corporations in the imposition of income taxes, the effect of the decision was to enforce payment by a resident individual of this state of a tax upon income earned in another state. The conclusion reached is in harmony with the principles of construction approved in the earlier cases of *Wiseman* v. *Madison Cadillac Co.,* 191 Ark. 1021, 88 S. W. 2d 1007, and *Wiseman* v. *Gillioz,* 192 Ark. 950, 96 S. W. 2d 459. In the last mentioned cases this court adopted the following statement from Cooley on Taxation (4th ed.) Vol. 2, § 672: ''An intention on the part of the Legislature to grant an exemption from the taxing power of the State will never be implied from language which will admit of any other reasonable construction. Such an intention must be expressed in clear and unmistakable terms, or must appear by necessary implication from the language used, for it-is a well-settled principle that, when a special privilege or exemption is claimed under a statute, charter, or act of incorporation, it is to be construed strictly against the property owner and in favor of the public. This principle applies with peculiar force to a claim of exemption from taxation. Exemptions are never presumed, the burden is on a claimant to establish clearly his right to exemption, and an alleged grant of exemption will be strictly construed, and cannot be made out by inference or implication, but must be beyond reasonable doubt. In other words, since taxation is the rule and exemption the exception, the intention to make an exemption ought to be expressed in clear and unambiguous terms; it cannot be taken to have been intended when the language of the statute on which it depends is doubtful or uncertain; and the burden of establishing is upon him who claims it.''

Appellant relies on the case of *State ex rel. Attorney General* v. *Burnett,* 200 Ark. 655, 140 S. W. 2d 673, in support of his contention that the state may only tax the income of a resident which is earned here. That case involved the power of this state to impose a tax on the income of a nonresident derived from sources outside Arkansas. The only question for decision was the right of the state to combine income earned inside the state by one nonresident spouse with income earned outside the state by the other nonresident spouse in determining the exemption of the former under § 16 of Act 118, *supra.* The right to tax the income of residents of this state was in no manner involved and the case is clearly distinguishable on the facts from the Dunklin case and the case at bar.

The second, or alternative, contention of appellant is that if the power to tax foreign income of resident individuals was granted by Act 118 of 1929, then that act was rendered unconstitutional by Act 162 of 1943 to the extent that it attempts to impose such tax. It is insisted that the proviso contained in § 2 of Act 162 of 1943 rendered that act unconstitutional in its entirety and that Act 118 of 1929 is likewise unconstitutional when read and construed with Act 162, *supra.* The record fails to disclose that appellant urged the unconstitutionality of Act 118 of 1929 in the chancery court. If it be conceded that Act 162 of 1943 is unconstitutional (which we do not decide), we do not agree that the right and power to impose the tax on appellant conferred by Act 118 of 1929 would be thereby destroyed.

Act 162 of 1943 is entitled "An Act to Prevent Double State Income Taxation of Individual Residents of Arkansas." In § 1, it is provided that an individual resident of Arkansas whose gross income includes income derived from sources outside the state shall be entitled to a credit for the amount of income tax which such taxpayer owes to another state for the same year. Section 2 establishes the procedure for obtaining the credit allowed in § 1 and contains the further proviso that no income which arises from the use, production or sale of real estate situated

outside this state shall be included in the income of the resident individual for income tax purposes. Section 3 is the emergency clause and declares: " . . . that Arkansas residents are being prevented from engaging in business and owning property in other states because of double income taxation on the same income . . . "

It will be observed that Act No. 162, *supra,* is in no sense a taxing act, but is an act designed to create an exemption in favor of a resident individual taxpayer whose income from business or property in another state was already taxable under Act 118 of 1929. The State of Texas has not levied a tax against the income derived from appellant's business located there, nor is appellant's income derived from the use, sale or production of real property situated in that state. However, if it be assumed that appellant is in position to attack Act 162 of 1943, and that said act is unconstitutional and void, this would leave the taxing provisions of Act 118 of 1929 unaffected and unimpaired thereby. The general rule is that an unconstitutional statute is a nullity and in legal contemplation is as inoperative as if it had never been passed. In 11 Am. Jur., Constitutional Law, § 154, p. 841, it is said: "It has even been held that if a portion of an act which is an amendment of another act already in force is invalid and is inseparable from the remainder of the amendment, the entire amending act may be declared inoperative without in any way affecting the original act." In *Merritt* v. *Gravenmier,* 169 Ark. 779, 277 S. W. 526, it was held that, where a special act of 1919 had been declared valid in a previous decision of this court, it was error to hold that the act was invalidated by reason of an amendment thereof by an act of 1921 since, if the amendatory act was invalid, it left the former act unimpaired.

We conclude, therefore, that the taxing provisions of Act 118 of 1929 are still in force and effect, irrespective of the validity of Act 162 of 1943, in so far as appellant's liability for the tax in question is concerned. The Chancellor was correct in so holding and the decree is accordingly affirmed.