The Honorable Edward F. Thicksten State Representative P.O. Box 327 Alma, AR 72921
Dear Representative Thicksten:
This is in response to your request for an opinion on the following questions:
 1) Is the border city income tax exemption provided for in A.C.A. 26-52-601 through 26-52-606 constitutional?
 2) If A.C.A. 26-52-605 and 26-52-606 are amended to provide for the imposition of a 2% gross receipts tax rather than the current 1% gross receipts tax, and for the imposition of different taxes within Texarkana, Arkansas, would the changes necessitate a vote of the people in Texarkana, Arkansas, in order to adopt such changes?
In light of the presumption of constitutionality attached to all legislative enactments, and the deference accorded the legislature's discretion in the exercise of its taxing power, it is my opinion that the answer to your first question is yes.[1]
Section 26-52-602 provides: Whenever any city or town in this state is divided by a street state line from an incorporated city or town in an adjoining state in which the other state does not levy a state income tax, the qualified electors of the Arkansas border city or town may vote to equalize the state taxes paid by citizens in the border city or town in Arkansas with the tax advantages of the citizens of the adjoining city to town in the other state in manner provided in this subchapter.
The mechanism provided in the subchapter for "equalizing" the taxes is an election by the voters of the city or town to approve an additional one cent gross receipts tax which is to be in lieu of payment of state income tax. A.C.A. 26-52-605, 606.
Several constitutional theories could be employed in a challenge to the subchapter's constitutionality. These include violations of the "equality and uniformity" requirement of Arkansas Constitution Art. 16, 5; Arkansas Amendment 14's prohibition against "special legislation"; Arkansas' and the United State's equal protection and privileges and immunities clauses; and finally Arkansas Constitution Art. 5, 1, and Art. 4, 1's separation of powers doctrine which can be violated by unlawful delegations of legislative authority. It is my opinion that the subchapter about which you inquire would pass the constitutional tests applicable under the theories above.
Arkansas Constitution Art. 16, 5's "equality and uniformity" requirement, which requires equality of the tax burden within the district taxed, applies neither to income taxes, nor to sales, use, or "excise" taxes. Stanley v. Gates, 179 Ark. 886, 19 S.W.2d 1000
(1929); Dunklin v. McCarroll, Commissioner, 199 Ark. 800,136 S.W.2d 675 (1939); and Wiseman v. Interstate Public Service Co.,191 Ark. 255, 85 S.W.2d 700 (1935). Additionally, this office has previously opined that the subchapter does not represent impermissible "special legislation" under Amendment 14 to the Arkansas Constitution (See Opinion of the Attorney General No. 87-068, a copy of which is enclosed.)
As noted in Opinion 87-068, the test to be applied in a "special legislation" challenge is the same test employed in an equal protection analysis. If the classification in the act has any rational relationship to a legitimate objective of the General Assembly, the act will be upheld. The following language from Stanley v. Gates, supra, embodies this principal:
 In short, we have held that there are not constitutional restrictions in this State as to an income tax, which may be classified by the legislature both as to the rate of the taxation and the subjects as individuals, corporations, etc., if only it is uniform for each class, and of this classification the Legislature is the judge, subject only to review by the courts if the classification is palpably arbitrary.
Stanley, supra at p. 902. See also, Dunklin, supra, Wiseman, supra, and Cook, Commissioner of Revenues v. Walters Dry Goods Co., 212 Ark. 485, 206 S.W.2d 742 (1948).
The same test is applicable in a taxation challenge under the privileges and immunities clause of the Arkansas Constitution. The test is outlined in Hogue v. the Housing Authority of North Little Rock; 201 Ark. 263, 144 S.W.2d 49 (1940):
 This court is committed to the rule that the Legislature may make classification for taxation and for the exercise of a police power and that when the classifications are supported by any reasonable basis they are valid.
201 Ark. 270.
Our inquiry, then, must be whether there is any reasonable basis for classifying border cities divided by a street state line differently from other cities in the state. As concluded in Opinion 87-068, the classification is rationally related to the state's objective of promoting the competitive position of Arkansas cities relative to the economic position of cities in the adjoining state.
One might contend, however, that the legislature's classification of cities divided by a "street state line" arbitrarily separates such cities from other Arkansas border cities such as West Memphis and Fort Smith. In light of the particular geographic features of each city, (including the fact that the two last mentioned cities are separated from the border states by expansive natural boundaries), and in light of the fact that legislative enactments presumed constitutional, (Potts v. McCastlain, Commissioner,240 Ark. 654, 401 S.W.2d 220 (1966), cert. denied, 385 U.S. 946
(1967)), it is my opinion that the classification can constitutionally withstand this argument.
Finally, it might be contended that A.C.A. 26-52-601, et seq. represents an unconstitutional delegation of legislative authority. This challenge, however, may be quickly dismissed as regards this subchapter, as under it, authority is only delegated to the local electors. See, Improvement Dist. No. 16, 160 Ark. 371,254 S.W. 696 (1923), and Miller v. Witcher, 160 Ark. 479,254 S.W. 1063 (1923).
Your second question concerns the necessity of an election if the gross receipts tax authorized in A.C.A. 26-52-601, et seq. is increased by amendment of that subchapter from one cent to two cents. You also inquire as to the necessity of an election for the imposition of "different taxes" within Texarkana.
It should be noted initially that generally, consent of the electorate is not a prerequisite to taxation by the state. Helvey v. Sax, 38 Cal.2d 21, 237 P.2d 269 (1951). The power of taxation is vested in the legislature, and absent constitutional restrictions, is supreme. English v. Oliver, 28 Ark. 317 (1873), and Sanderson v. Texarkana, 103 Ark. 529, 146 S.W. 105 (1912).
Thus, unless restricted by some constitutional provision, the legislature may by statute impose a two percent gross receipts tax without an election of the people. It might be argued, however, that in this instance, a constitutional impediment exists.
Article 5, 38 of the Arkansas Constitution, (as added by Amendment 19), provides:
 2. None of the rates for property, excise, privilege or personal taxes, now levied shall be increased by the General Assembly except after the approval of the qualified electors voting thereon at an election, or in case of emergency, by the votes of three-fourths of the members elected to each House of the General Assembly.
It is my opinion, however, that although a gross receipts tax is an excise tax, (Wiseman, supra, and Hardin v. Vestal, 204 Ark. 492,162 S.W.2d 923 (1942)), and as such would generally be subject to this constitutional provision, there is authority for the proposition that Art. 5, 38 applies only to increases of taxes "now levied", meaning levied at the time of adoption of Amendment 19, (November, 1934). Caldarera v. McCarroll, 198 Ark. 584,129 S.W.2d 615 (1939) (Smith J. concurring). Because the Arkansas Gross Receipts Act was enacted in 1941, Amendment 19 does not require an election or a three-fourths vote for increase of the tax. Increase of the gross receipts tax would of course be subject to the same constitutional challenges as the income tax exemption, and in my opinion, the same result would obtain.
It must, however, be noted that increase of the gross receipts tax would require more that amendment of A.C.A. 26-52-605 and 606 as you suggest. The entire subchapter provides for an election, and would have to be amended substantially to impose an increased tax without an election.
Without a clearer expression of your inquiry regarding the imposition of "different taxes" within Texarkana, I cannot opine upon the necessity of an election for their imposition.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] This opinion should not be construed in any way to opine favorably upon the constitutionality of A.C.A. 26-52-303, as you have not inquired as to the constitutionality of that provision.