The Honorable Edward F. Thicksten State Representative P.O. Box 2019 Alma, AR 72921
Dear Representative Thicksten:
This is in response to your request for an opinion on the constitutionality of two proposed amendments to the border city income tax exemption subchapter of the Arkansas Code (A.C.A.26-56-601, et seq.). Specifically, you pose the following two questions:
 1) Would the repeal of the border city income tax exemption for residents of Texarkana, Texas, who work in Texarkana, Arkansas, as provided in 26-52-604 be constitutional under the United States and Arkansas Constitutions?
 2) If the border city income tax exemption, as provided in A.C.A. 26-52-601 — 606 was changed to exempt from income tax only those individuals who work within the border city rather than the current method exempting individuals who reside in Texarkana, Arkansas, or certain individuals who reside in Texarkana, Texas, would the change be constitutional under the United States and Arkansas Constitutions?
It is my opinion, after an exhaustive review of the two proposed amendments, that neither would comport with constitutional principles. Specifically, both proposals are not, in my opinion, rationally related to the legislature's objective, as required by the equal protection and privileges and immunities clauses of both the United States and Arkansas Constitutions. It is also my opinion that the implementation of either proposal would place an undue burden on interstate commerce forbidden by the United States Constitution.
The existing legislation provides an Arkansas income tax exemption for Texarkana, Arkansas[1] residents, (provided they elect to be so exempted by enactment of an additional one cent sales tax). A.C.A. 26-52-606. The legislation also provides an exemption from Arkansas income tax for Texarkana, Texas residents who work in Texarkana, Arkansas. A.C.A. 26-51-202.[2]
This legislative scheme was enacted to remedy the problem created by the fact that the State of Texas does not levy an income tax. As a result of this fact, people on the Texarkana, Arkansas side were migrating to the Texas side to live and work so as to pay no income tax. The legislature's goal is thus to equalize the situation, thereby preserving the local economy of Texarkana, Arkansas. While this is a legitimate goal, (Bacchus Imports Ltd. v. Dias, 468 U.S. 263, 271 (1984), stating that: "[n]o one disputes that a State may enact laws pursuant to its police powers that have the effect of encouraging domestic industry"), the steps the legislature takes to implement it must comply with constitutional provisions. Specifically, any remedy enacted must rationally relate to achieving the goal, and the remedy cannot run afoul of the Commerce Clause, or any other provision of the United States Constitution.[3] Let us now review each proposal, one at a time, to determine their compliance with the principles above.
QUESTION ONE
Proposal one would repeal the exemption granted in A.C.A.26-52-604. This provision exempts Texarkana, Texas residents who work in Texarkana, Arkansas from Arkansas income tax. We must determine how this provision's repeal would further the legislature's purpose of "equalizing" the border city's situation by preventing flight of Texarkana, Arkansas residents to the Texas side.
If the Texarkana, Texas exempt is repealed, what will be the effect? Persons who live in Texarkana, Texas and work in Texarkana, Arkansas will be encouraged to either get a new job in Texas, or move to the Arkansas side of the border city. This outcome does not have the effect of "equalizing" the situation. If it has the effect of encouraging these Texans to leave their employment on the Arkansas side, this is exactly what the legislature does not want. Keeping people working on the Arkansas side promotes the goal of furthering the Texarkana, Arkansas economy. If the provision has the effect of encouraging Texarkana, Texas residents who work on the Arkansas side to move there as well, this does not promote "equalization" and prevent flight from the Arkansas side; rather, it attracts Texas residents to the Arkansas side to the detriment of Texarkana, Texas. As such, the logical outcome of this proposal is not rationally related to achieving the stated goal.
It is also my opinion that this proposal would unduly burden interstate commerce. Proposal one has the effect of discouraging Texarkana, Texas residents from working on the Arkansas side,[4]
while not discouraging Texarkana, Arkansas residents from working on the Texas side. If this proposal were implemented, Texarkana, Texas residents will be encouraged to either live and work on the Texas side, or live and work on the Arkansas side, but not commute across the state line to work. As stated in Bacchus, supra:
A cardinal rule of Commerce Clause jurisprudence is that "[n]o State, consistent with the Commerce Clause, may `impose a tax which discriminates against interstate commerce . . . by providing a direct commercial advantage to local business.'"
468 U.S. at 268, quoting Boston Stock Exchange v. State Tax Commission, 429 U.S. 318 (1977) which quotes Northwestern States Portland Cement Co. v. Minnesota 358 U.S. 450 (1959).
The Court in Bacchus also noted that:
 It has long been the law that states may not `build up [their] domestic commerce by means of unequal and oppressive burdens upon the industry and business of other states.'
468 U.S. at 272, quoting Guy v. Baltimore, 100 U.S. 434 (1880).
It is therefore my opinion that implementation of Proposal One would be unconstitutional.
QUESTION TWO
Proposal Two would amend the statutory scheme so that only individuals who earn in Texarkana, Arkansas would be entitled to the income tax exemption. Again, we must determine if this proposal "rationally relates" to achieving the legislature's goal of "equalizing" the economic situation, and of preventing flight of Texarkana, Arkansas residents to the Texas side.
What would be the effect of implementation of Proposal Two? It would have several effects. First, it would discourage Texarkana, Arkansas residents from crossing the state line to work in Texas. If they earn in Texas they will not be eligible for the exemption. This may be part of the legislature's purpose, but as we will see later, it violates the Commerce Clause. Second, the proposal will encourage Texarkana, Arkansas residents who already work in Texarkana, Texas to move to the Texas side. This is exactly what the legislature does not want. Third, the proposal would exempt Texarkana, Texas residents who work on the Arkansas side, (or for that matter any Texan who works in Texarkana, Arkansas ). It may be said that this would encourage these Texans to work in Arkansas. (It probably won't to any great extent, they are also exempt if they work in Texas). In any event, this is not the legislature's goal. It does not want to encourage Texans to work on the Arkansas side to the detriment of Texarkana, Texas — it wants to discourage Texarkana, Arkansans from moving to Texas, to the detriment of Texarkana, Arkansas. Fourth, and most important, this proposal would exempt every Arkansas who earns in Texarkana, Arkansas. For example, it would exempt a person who resides in Jonesboro, Arkansas, but who earns income in Texarkana, Arkansas. For that matter the proposal would exempt any person, even persons from other states, who earn income in Texarkana, Arkansas. This exemption is simply not rationally related to the purpose of keeping people and industry from migrating to the Texas side.
As noted earlier, it is my opinion that implementation of Proposal Two would also violate the Commerce Clause. In a way, Proposal Two has exactly the opposite effect of Proposal One. While Proposal One would discourage Texans from crossing the state line to work in Arkansas, and would encourage them to either live and work on the Texas side, or live and work on the Arkansas side, Proposal Two would have the effect of discouraging Arkansans from crossing the state line to work in Texas, and would encourage them to either live and work on the Texas side, or live and work on the Arkansas side. As such, each proposal discourages commuting across the state line to seek employment, and in my opinion each would unduly burden interstate commerce.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] The actual legislation does not mention Texarkana, Arkansas by name, but because the statute applies to border cities divided by a "street state line," currently Texarkana is the only city to which the subchapter is applicable.
[2] It should be noted at this point that individuals may be subject to Arkansas income tax if either their income is derived in Arkansas, (A.C.A. 26-51-202), or if they reside in Arkansas, no matter where their income is derived. Morgan v. Cook,211 Ark 755, 202 S.W.2d 355 (1947). Of course, individuals who both reside and earn in Arkansas are subject to the tax as well.
[3] It may be argued that the proposed amendments to the current legislation run afoul of the fundamental right to interstate travel encompassed in the term "liberty" found in the Due Process Clause of the Fourteenth Amendment. It is my opinion, however, that because the proposed amendments have the effect of limiting or encouraging migration of persons, review is to be subject only to the "rational basis" standard. Associated Home Builders of Greater Eastbay, Inc., v. City of Livermore, 135 Cal Rptr. 41,557 P.2d 473, 18 C.3d 582 (1974).
[4] The migration of persons seeking employment across state lines has been defined as "commerce." Service Machine Shipbuilding Corp. v. Edwards, 617 F.2d 70 (9th Cir. 1980). Additionally, it should be noted that Texas residents are discouraged from working in Arkansas anyway. If they do, they are subject to Arkansas income tax, whereas they would not pay any income tax if they worked in their home State of Texas. It is my opinion, however, that to grant an exemption for Texarkana, Arkansas residents working on the Texas side, while not granting Texarkana, Texas residents working on the Arkansas side the same exemption, does violate the Commerce Clause. It would simply not be evenhanded.