WHITE *v.* CLARKSVILLE.

Opinion delivered May 13, 1905.

1. IMPOUNDING STOCK—RECOVERY OF EXPENSES.—The owner of impounded stock, under Kirby's Digest, § 5451, cannot recover same without paying to the officer the expenses incurred in taking care of them. (Page 341.)

2. MUNICIPAL ORDINANCE—AMENDMENT OF RECORD OF PASSAGE.—Where the record of the passage of a municipal ordinance failed to show that the ordinance was passed under a suspension of the rules, it may be amended to show that fact at a subsequent meeting of the city council, if all the members present at the latter meeting were present when the ordinance was passed. (Page 341.)

3. SAME—RECORDING YEAS AND NAYS.—The requirement of Kirby's Digest, § 5473, that the yeas and nays shall be recorded on the passage of an ordinance is by its terms limited to such ordinances as enter into contracts. (Page 342.)

4. DE FACTO OFFICER—POWERS.—The fact that a town marshal is only a *de facto* officer does not debar him from recovering the actual expenses incurred in feeding impounded stock, under Kirby's Digest, § 5451. (Page 342.)

Appeal from Johnson Circuit Court.

WILLIAM L. MOOSE, Judge.

Affirmed.

*J. J. Montgomery,* for appellant.

When plaintiff demanded the hog just after it had been impounded, it was the duty of the marshal to let him have it without pay. Kirby's Dig. § 5451. Incorporated towns have no authority to impound stock of persons living out of its limits. Kirby's Dig. § 5450. The ordinance was not properly passed. Kirby's Dig. §§ 5471, 5473, 5481; 40 Ark. 105; 61 Ark. 402. The marshal had no authority to impound the stock. Kirby's Dig. § 5474; 5 Am. & Eng. Enc. Law, 96, 108; 67 Ark. 491.

HILL, C. J. 1 Proceeding under section 5451, Kirby's Digest, and an ordinance of the incorporated town of Clarksville the town marshal, Jarnagin, impounded some hogs of the

appellant which were running at large in the town. There were two impoundings of appellant's hogs, first, of one sow and, secondly, about a week afterwards, of three shoats. The evidence conflicted as to what passed between appellant and the marshal, the former contending that the marshal refused to let him have them without paying for them. In this he was corroborated by several witnesses. On the other hand, Jarnagin testified that he believed that the hogs belonged to appellant's father, who lived in Clarksville, and that the son, who lived without the corporation, was claiming them to avoid the impounding ordinance. He says, as to the first hog, that when it was demanded he did not refuse to let White have it without paying for it; and, as to the second lot, that he only demanded pay for their feed. This was at the time he was posting the statutory notice of their impounding.

This was an action for conversion of the hogs, which were sold under the terms of the ordinance, and was brought against the mayor and aldermen, and the marshal. In the justice's court it was dismissed as to all defendants except the marshal, and the town then made a party. On trial of it on appeal in the circuit court, the judge, sitting as a jury, found the facts as stated by the marshal. The finding was that the marshal did not know who the owner of the hogs was, but when appellant made demand for them he refused to allow him to have them without pay for their feed. The court is of the opinion that there is sufficient evidence to sustain the finding by the circuit court.

Section 5451, Kirby's Digest, makes it a condition precedent to obtain the impounded stock in such cases as this that the actual expenses be paid. The hogs must not be left hungry while the notices are being posted and the owner awaited, and the owner cannot have the municipality feed his hogs without reimbursing it.

2. The ordinance in question is challenged because the original record failed to show that it was read on three separate days or that such three separate readings were dispensed with by two-thirds vote. Kirby's Dig. § 5481.

The council, after this suit was instituted, and before the last trial, passed a resolution, reciting and declaring that the minutes omitted to record the fact that by two-thirds vote the rules were

suspended and the ordinance passed under such suspension, and directing the minutes to be corrected accordingly to make them speak the truth. The personnel of the council was unchanged, so far as the record discloses, except at this meeting all the members were not present who were present at the other meeting, but all present at the last meeting were present when it was passed. "The courts are liberal respecting amendments of corporate records. If through inadvertence or misapprehension the record has been defectively made, it is competent to complete it according to truth." McQuillin on Municipal Ordinances, § 132. There are limitations upon this broad statement and qualifications of the manner of the exercise of this power, but the right of amendment existed under the facts of this case. McQuillin, Municipal Ordinances, § 132-135; 1 Dillon, Mun. Corp. (4th Ed.), § 297.

3. It is objected that the ayes and noes were not recorded on the passage of the ordinance, but that provision only relates to ordinances, orders or resolutions to enter into a contract. Kirby's Dig. § 5473.

4. The town marshal was only such *de facto,* under the facts of the case, and the appellant claims that a *de facto* officer cannot recover fees, and cites *Stevens* v. *Campbell,* 67 Ark. 484. In that case the court said: "It is true the acts of a *de facto* officer are valid as respects the rights of third persons. But the rule is different when he seeks to recover a salary or fees which rest upon the title to the office." As to White, his acts were valid, and only between the town and himself could the question of fees and salary arise. The record shows he was paid a salary, and the fees of his office went to the town. Moreover, the expense of the feed of the stock could not be treated as a fee.

The judgment is affirmed.