HOLMAN *v.* CITY OF DIERKS.

4639                                      233 S. W. 2d 392

Opinion delivered October 9, 1950.

Rehearing denied November 20, 1950.

*Tom Kidd,* for appellant.

GEORGE ROSE SMITH, J.   Last year the City of Dierks adopted an ordinance requiring property owners to pay an annual sanitation tax of $4 for each business house and dwelling in the city, this revenue to be used for fogging the city with an insecticide three times a year. L. C.

Holman appeals from a $25 fine that was imposed by the circuit court upon Holman's refusal to pay the tax.

It is contended that the ordinance was not regularly passed and that it is unconstitutional even if validly enacted. As to the first contention it is shown that the ordinance was introduced at a city council meeting on January 21 and was unanimously adopted by all members of the council. Appellant argues that the minutes of the meeting are defective in failing to recite that two-thirds of the aldermen voted to suspend the rules and to read the proposed measure a third time, as the statute permits. Ark. Stats. 1947, § 19-2402. We have held, however, that the legal effect of unanimous action by the council is to dispense with the need for formally suspending the rules. *Young* v. *City of Gurdon,* 169 Ark. 399, 275 S. W. 890. Nor is there merit in the contention that the failure to record the names of those voting for and against the ordinance is fatal to its validity. In the case of municipalities this requirement applies only to ordinances authorizing the execution of contracts. Ark. Stats., § 19-2403; *White* v. *Town of Clarksville,* 75 Ark. 340, 87 S. W. 630.

Upon the constitutional issue Holman takes the position that the city, having already levied its entire ad valorem tax of five mills, is without power to levy an additional tax of $4 upon each building in the city. Ark. Const., Art. 12, § 4. While the ordinance refers to this levy as a tax, it is actually not a tax but a charge for services to be rendered. The city proposes to spray the property of its citizens and to charge the cost of this operation against those who receive its benefits. Such a fee for the performance of a service is not taxation. Cooley on Taxation (3d Ed.), p. 5.

The most serious question in the case is whether the city has been given the power to perform the proposed services and to charge a fee therefor. On this issue we think our decision in *Geurin* v. *City of Little Rock,* 203 Ark. 103, 155 S. W. 2d 719, to be controlling. There the city council created an agency to collect rubbish and garbage throughout the city and provided a schedule

of fees to be paid by those receiving this collection service. We held that the city's delegated power to "prevent injury or annoyance . . . from anything dangerous, offensive or unhealthy" (Ark. Stats., § 19-2303) authorized the procedure chosen. If the sanitary disposal of rubbish and garbage is necessary to prevent injury from things dangerous, offensive or unhealthful, the same principle certainly applies to the extermination of flies, mosquitoes, roaches, and other pests that may cause or transmit disease.

There is some suggestion that an exaction levied in the same amount against the owner of every building may discriminate unreasonably as between the owners of large and of small buildings or as between the owners of improved and of unimproved property. There is, however, no proof concerning the relative sizes of buildings in Dierks, the relative amounts of improved and unimproved property, or the relative benefits that will accrue to those who own buildings and to those whose property is unimproved. It may be that the classification selected by the council is a reasonable one, and in the absence of evidence to the contrary we are unwilling to say that the presumption of constitutionality has been overcome.

Affirmed.