## CITY OF NORTH LITTLE ROCK et al
## *v.* Jack L. GRAHAM et al

82-257                                        647 S.W.2d 452

### Supreme Court of Arkansas
### Opinion delivered March 14, 1983
[Rehearing denied April 11, 1983.]

*Jim Hamilton,* City Atty., for appellants.

*Charles L. Carpenter* and *Charles L. Carpenter, Jr.,* for appellees.

*Gill, Skokos, Simpson, Buford & Owen, P.A.,* for *amicus curiae* Arkansas Municipal League.

RICHARD B. ADKISSON, Chief Justice. Appellee, Jack L. Graham, brought suit on behalf of citizens and taxpayers of North Little Rock to declare the "public safety fee" collected pursuant to City Ordinance No. 5202 unconstitutional as an

illegal exaction and asked that appellant, the City of North Little Rock, be required to refund monies illegally collected pursuant to the ordinance. The Pulaski Chancery Court granted the relief requested. On appeal we affirm.

On January 5, 1981, the North Little Rock City Council enacted Ordinance No. 5202 for the purpose of raising $700,000 so that the policemen and firemen of North Little Rock could receive salaries and benefits commensurate with those received by Little Rock policemen and firemen. The $700,000 was to be collected by assessing a $3.00 per month "public safety fee" on the water bill of each household, business, and apartment residence in North Little Rock. The ordinance also provided that persons receiving $6,000 or less in salary be exempt from the charge. Approximately $343,620 was collected beginning on January 26, 1981, and was placed in the general fund of the city.

On April 13, 1981, the city council adopted Ordinance No. 5240 which proposed a city sales and use tax and provided that Ordinance No. 5202 would be repealed "when and if the citizens of North Little Rock approve the levy of the said sales and use tax." The voters approved Ordinance No. 5240 on May 19, 1981, but it did not go into effect until July 1, 1981, pursuant to Ark. Stat. Ann. § 19-4514 (e) (1) (Repl. 1980). Meanwhile, the city continued to collect the "public safety fee" until the end of June, although it later refunded the amounts collected between May 19 and July 1.

The first question which we must decide is whether the public safety fee created by Ordinance No. 5202 was a fee or a tax. If it was a tax, the ordinance is void as an illegal exaction, since it was never voted upon by the voters as required by Ark. Stat. Ann. § 17-2002 (Repl. 1980). If it was a fee, it was a valid enactment outside the scope of Ark. Stat. Ann. § 17-2002 which has no application to fees.

Taxes are enforced burdens exacted pursuant to statutory authority. *Miles* v. *Gordon*, 234 Ark. 525, 353 S.W.2d 157 (1962). Municipal taxes are those imposed on persons or property within the corporate limits, to support the local government and pay its debts and liabilities, and they are

usually its principal source of revenue. 16 E. McQuillin, *Municipal Corporations* § 44.02 (3rd ed. 1979).

There is a distinction between a tax imposed for general revenue purposes and a fee charged in the exercise of police power. *Parking Authority of Trenton* v. *Trenton,* 40 N.J. 251, 191 A.2d 289 (1963). An example of a fee charged in the exercise of police power is found in *Holman* v. *City of Dierks,* 217 Ark. 677, 233 S.W.2d 392 (1950). In *Holman* we held that an "annual sanitation charge" of $4.00 per business and residence which was to pay for fogging the city with an insecticide three times a year was a fee "for services to be rendered" and not a tax. In *Vandiver* v. *Washington County, Ark.,* 274 Ark. 561, 628 S.W.2d 1 (1982) we considered whether an annual $15 charge for emergency medical services was a fee or a tax. We concluded that it was a fee, but we note that in that case the people had voted on and approved the charge.

Here, it is undisputed that the people never voted on the $3.00 charge and that the charge is to pay for a salary increase for policemen and firemen. Therefore, it is a payment exacted by the municipality as a contribution toward the cost of maintaining the traditional governmental functions of police and fire protection. *See Olustee Co-operative Association* v. *Oklahoma Wheat Utilization Research & Market Development Comm.,* 391 P.2d 216 (Okla. 1964). It is not for a specific, special service such as the spraying for insects but is a means of raising revenue to pay additional money for services already in effect. Therefore, we conclude that this $3.00 charge is a tax and not a fee.

Other issues presented by this case are either rendered moot by our decision or were not argued on appeal. The trial court's order is therefore affirmed.

Affirmed.

HICKMAN, J., concurs.

DARRELL HICKMAN, Justice, concurring. I agree it is a tax. I think *Vandiver* should be overruled in that regard, as I noted on rehearing.