The Honorable Bill Kerr State Representative P.O. Box 7615 Little Rock, Arkansas 72207
Dear Representative Kerr:
This is in response to your request for an opinion on the following question:
 Under what act or statute or regulation is a city allowed to collect a City Service Fee? Is it legal?
You note that this question is in reference to the City of Maumelle, which is currently collecting a "City Fee" of approximately $18.00. You state that the voters approved the continued collection of this "tax" upon incorporation. You have questioned the legal basis for collection of such a tax.
Arkansas Code of 1987 Annotated 26-73-103 must be initially considered in this regard wherein it states:
 In addition to all other authority of local governments to levy taxes provided by law, any county, acting through its quorum court, or any municipality, acting through its governing body, may levy any tax not otherwise prohibited by law. However, no ordinance levying an income tax authorized by this subchapter or any other tax not authorized shall be valid until adopted at a special or general election by the qualified electors of the city or in the area of the county where the tax is to be imposed, as the case may be.
A.C.A. 26-73-103(a).
This Code provision may be cited in support of the proposition that a municipal tax may be imposed for the support of city services, so long as the tax is adopted at a special or general election. We find no general prohibition against such a tax.
We have not been provided with information identifying the purpose(s) for which this fee was imposed. I assume from the fact that an election was held that it falls within the category of new taxes, the levy of which is permitted, but only through an election procedure. A.C.A. 26-73-103. The Arkansas Supreme Court has stated the following with regard to municipal taxes:
 Taxes are enforced burdens exacted pursuant to statutory authority. [Citation omitted.] Municipal taxes are those imposed on persons or property within the corporate limits, to support the local government and pay its debts and liabilities, and they are usually its principal source of revenue. [Citation omitted.]
City of North Little Rock v. Graham, 278 Ark. 547, 548-549,647 S.W.2d 452 (1983). This case involved a "public safety fee" assessed on the water bill of each household, business, and apartment residence to pay for a salary increase for policemen and firemen. The Court ruled that the fee was actually a tax, thus affirming the Chancery Court ruling that the monies were illegally collected due to the city's failure to obtain voter approval. (The Court noted that the ordinance levying the fee would have been valid if the "public safety fee" was actually a "fee" and not a "tax." City of North Little Rock, 278 Ark. at 548). The Court concluded:
 Here, it is undisputed that the people never voted on the $3.00 charge and that the charge is to pay for a salary increase for policemen and firemen. Therefore, it is a payment exacted by the municipality as a contribution toward the cost of maintaining the traditional governmental functions of police and fire protection. [Citation omitted.]. . . Therefore, we conclude that this $3.00 charge is a tax and not a fee.
With regard to the "City Service Fee" in question, it seems clear that an election is required if this fee is actually in the nature of a municipal tax. Since, according to your correspondence, an election was in fact held, collection of the fee would appear to be lawful.[1]
We hope that the foregoing is of assistance. The existence of other material facts outside those contained in your request may compel further review and corresponding modification of this opinion.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
Steve Clark Attorney General
[1] This also assumes that the ordinance levying the fee does not contravene Article 16, Section 11 of the Constitution of Arkansas which states in pertinent part that ". . . every law imposing a tax shall state distinctly the object of the same."