General Assembly should.

The CITY OF HOT SPRINGS, Arkansas, By and Through Its Duly Elected Mayor, Honorable Jon L. Starr *v.* The VAPORS THEATRE RESTAURANT, INC.

88-308                                                            769 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered April 24, 1989

*David M. Love*, City Att'y, for appellant.

*Q. Byrum Hurst*, for appellee.

ROBERT H. DUDLEY, Justice. This case involves a special tax

on mixed drinks. The specific issue is whether the City of Hot Springs may collect a three percent "hospitality" tax pursuant to an ordinance enacted by authority of Ark. Code Ann. § 26-75-602 (1987), in addition to the customary ten percent mixed drink tax collected by the City under authority of Ark. Code Ann. § 3-9-213 (1987). The circuit judge ruled that the hospitality tax could not be added on to the regular mixed drink tax. We affirm.

In 1969, the General Assembly passed Act 132, the mixed drink act. Section 8 of that Act, codified as Ark. Code Ann. § 3-9-213 (1987), provided that the sale of alcoholic beverages would be subject to the Arkansas Gross Receipts Act of 1941, and, in addition, imposed a supplemental state tax of ten percent on the gross proceeds or gross receipts from the sale of alcoholic beverages.

Section 9 of the same Act, codified as Ark. Code Ann. § 3-9-214 (1987), provided that an additional supplemental tax could also be imposed upon alcoholic beverages by any city or county, provided that such tax did not exceed the amount provided for in Section 8, ten percent.

Thus, the sale of alcoholic beverages is subject to the general sales tax, the supplemental tax of ten percent imposed by the State in Ark. Code Ann. § 3-9-213 (1987), and potentially to another supplemental tax imposed by the city or county as authorized in Ark. Code Ann. § 3-9-214 (1987).

Pursuant to Ark. Code Ann. § 3-9-214, the City passed Ordinance No. 2989, which, among other things, imposed a supplemental tax of ten percent on the gross revenues from all sales of alcoholic beverages covered under the Act. Thus, all sales of mixed drinks in Hot Springs are subject to the three taxes mentioned above. None of these taxes is questioned. The issue in this case comes about because of the imposition of a fourth tax, a hospitality tax.

Ark. Code Ann. § 26-75-602(a)(1)(B) (1987), which is entirely separate from the mixed drink act, authorizes any city of the first class which is located in a national park to levy a hospitality tax of up to three percent upon the gross receipts from, among other things, restaurants, cafes, cafeterias, and other business establishments engaged in the business of selling pre-

pared food for consumption on the premises in the city. The City interprets this to include mixed drinks. This statute originated with Act 185 of 1965, which was four years before passage of the mixed drink act, and provided that cities having no less than 25,000 inhabitants could levy a tax of one percent upon the gross receipts of restaurants, cafes, cafeterias, and other establishments engaged in the business of selling prepared food for consumption on the premises. This Act has since undergone several modifications, until it has finally evolved into what is now Ark. Code Ann. § 26-75-602. At first the Act authorized a one percent tax. Later, it authorized a two percent tax, and now it authorizes a three percent tax for certain cities.

Over the years, the City of Hot Springs has passed several ordinances pursuant to this statute. The two that are at issue in this case are Ordinance No. 3303 and Ordinance No. 3610. Ordinance No. 3303 was passed in 1975 and levies a two percent tax on the gross proceeds of the restaurants, cafeterias, and other businesses selling food in the City. This ordinance increased the amount of the tax from one percent, as it was pursuant to an earlier ordinance. Then, in 1981, the City passed Ordinance No. 3610, which increased the tax by another one percent, making the total tax on these items three percent, exactly what is authorized by Ark. Code Ann. § 26-75-602(a)(1)(B).

The appellee in this case, the Vapors Theatre Restaurant, Inc., filed suit in circuit court, seeking to have these two ordinances declared invalid to the extent that they impose another tax on the sale of alcoholic beverages.

The trial court ruled that Section 8 of the mixed drink act, Ark. Code Ann. § 3-9-213 (1987), governs the taxation on mixed drinks. It provides: "The taxes herein prescribed may be passed on to the consumer and *shall be in lieu of all other special taxes at the retail level.*" The trial court further ruled that the provision must be given a common sense interpretation which means no additional special tax, such as a hospitality tax, can be added to the mixed drink tax.

The appellant City first argues that the trial court erred because the three percent tax is not a tax. Its argument is based upon Section 2 of Act 976 of 1985, not codified but mentioned in the publishers notes to Ark. Code Ann. § 26-75-602, which

provides: "This tax is not a 'tax' as 'taxes' are ordinarily understood and intended for governmental services and support, but is a special levy paid by persons, and collected by entities, peculiarly associated with and benefited by tourism." The statutory language is farcical. Any burden imposed by a government upon a taxpayer for the use and benefit of that government is a tax, whether labeled tax, levy, duty, custom, gabelle, or anything else.

Appellant next argues that the language in Ark. Code Ann. § 3-9-214, the mixed drink act, which provides that "the taxes herein prescribed may be passed on to the consumer and shall be in lieu of all other special taxes at the retail level" refers only to the taxes authorized by the mixed drink statute and "does not mean that the city is prohibited from placing an additional tax or fee on alcohol as authorized by other statutes." (Appellant's brief p. 25) The argument defies our first rule of statutory construction, which is to construe a statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Bolden* v. *Watt*, 290 Ark. 343, 719 S.W.2d 428 (1986). Here, the tax on "hospitality" items is a special tax, and all special taxes other than those authorized in the mixed drink act are prohibited. Even if there were any doubt in the language of the statute, we would resolve it against the City because any doubt regarding the imposition of a tax should be resolved in favor of the taxpayer and against the taxing authority. *Dunhall Pharmaceuticals, Inc.* v. *State*, 295 Ark. 483, 749 S.W.2d 666 (1988).

Finally, appellant argues that, as to the City, the two taxing statutes have different purposes since the City's part of the mixed drink act goes to the City's general fund, while the hospitality taxes go to promote tourism or finance revenue bonds. The appellant demurs to the argument. We sustain the demurrer because the hospitality tax is specifically prohibited, therefore, its intended purpose is immaterial.

Affirmed.