The Honorable Tom Wynne Prosecuting Attorney P.O. Box 231 Fordyce, Arkansas 71742
Dear Mr. Wynne:
This is in response to your request for an opinion on whether a county can levy a franchise tax or any other kind of tax or fee on hunting rights leases.
Some clarification is necessary prior to answering your question. You do not specify what exact type of tax is contemplated. A "franchise tax" would not appear to be implicated, as it is generally defined as including only a tax on the franchise of a corporation. See Black's Law Dictionary (5th ed. 1979) at 593. Neither do you specify which party would pay the tax — the lessor or the lessee. You also refer to the levying of a "fee" on such leases. Unless the "fee" is levied in connection with the provision of a special service by the county, as opposed to a fee which supports the traditional functions of government, the fee would be a "tax" and subject to a vote of the electors. See
A.C.A. § 14-14-801 (b)(11) and City of North Little Rock v.Graham, 278 Ark. 547, 647 S.W.2d 452 (1983). It does not appear that any "service" would be provided by the county in connection with this contemplated "fee," and thus it would be properly categorized as a "tax." Id.
A tax on such "hunting rights leases" could take many forms. The form of a tax depends upon its operation, and the purpose of giving a designation to a tax is to determine if there is a limitation or restriction in the constitution on such a designated tax. 84 C.J.S. Taxation, § 3. I cannot hypothesize, in an official opinion, what possible types of taxes could be implemented on such leases, and then analyze the legality and constitutionality of each tax which might be implemented by a county in this regard. I will, however, set out some general law on the power of a county to tax, which I hope will be of help to you, as the county's legal counsel, or to the county's appointed civil attorney, if any, in addressing the legality of a particular proposal.
Amendment 55 to the Arkansas Constitution gave counties broad authority over legislative affairs. Counties may now exercise "local legislative authority not denied by the Constitution or by law." Amendment 55, § 1(a). The implementing legislation to Amendment 55 provides that a county's power in this regard includes the power to "levy taxes in a manner prescribed by law." A.C.A. § 14-14-801(b)(1). This legislation also states, however, that a county is prohibited from exercising: "[t]he legislative power to authorize a tax on income or the sale of goods or services [except as delegated by the General Assembly]." A.C.A. §14-14-806(1). This same provision also states that: "This subdivision shall not be construed to limit the authority of county government to levy any other tax or establish the rate of any other tax which is not inconsistent with the Arkansas Constitution or law." Additionally, A.C.A. § 26-73-103 also provides:
 (a) In addition to all other authority of local governments to levy taxes provided by law, any county, acting through its quorum court . . . may levy any tax not otherwise prohibited by law. However, no ordinance levying an income tax authorized by this subchapter or any other tax not authorized shall be valid until adopted at a special or general election by the qualified electors of the city or in the area of the county where the tax is to be imposed, as the case may be.
It is my opinion that the question of whether a county can levy a tax on these leases will depend upon the nature or form of the tax. Even if the particular tax is of a nature or form which counties may enact, the tax may not be levied without a vote of the people as required by A.C.A. § 26-73-103 above. See alsoRagan v. Venhaus, 289 Ark. 266, 711 S.W.2d 467 (1986) and Cityof Little Rock v. Waters, 303 Ark. 363, 797 S.W.2d 426 (1990).
As stated previously, a tax on such "hunting rights leases" could take many forms. It has been held that leases of hunting rights are interests in real property. North Little Rock Hunting Clubv. Toon, 259 Ark. 784, 536 S.W.2d 709 (1976). Although it does not appear that your question contemplates a "property tax" on such leases, to the extent it does the tax will be subject to the provisions of Arkansas Constitution, art. 16, § 5, which provides that:
 (a) All real and tangible personal property subject to taxation shall be taxed according to its value, that value to be ascertained in such manner as the General Assembly shall direct, making the same equal and uniform throughout the state. No one species of property for which a tax may be collected shall be taxed higher than another species of property of equal value, except as provided by [sections 14 and 15 of art. 16].
This provision is only applicable to property taxes. Stanley v.Gates, 179 Ark. 886, 19 S.W.2d 1000 (1929); Dunklin v.McCarroll, Commissioner, 199 Ark. 800, 136 S.W.2d 675 (1939); and Wiseman v. Interstate Public Service Co., 191 Ark. 255,85 S.W.2d 700 (1935). It requires that the valuation for such a lease be as directed by the General Assembly, and that such leases cannot be taxed higher than other species of property of equal value.
Additionally, under current local taxation procedures, some interests in land (such as timber and mineral rights) may be assessed separately. See A.C.A. §§ 26-26-1109 and 26-26-1110. It is generally held that "[I]ncorporeal hereditaments, easements, and other rights in land, as distinguished from the ownership of the soil, may possess value and are therefore taxable if the legislature so determines, but not otherwise. . . ." 84 C.J.S. Taxation § 75. It does not appear that the General Assembly has authorized the separate assessment of hunting rights leases.
Another consideration for the county to be aware of is the fact that the owner of the land might have already been assessed for the value of these hunting rights leases when he pays his property taxes. To the extent the lands in question are agricultural lands or timber lands, they are to be valued at their use at such. See Amendment 59 to the Arkansas Constitution, as incorporated at art. 16, § 15(b). It is thus possible that this use might take into account the value of hunting rights.[1] Cf. Woodburn v. Skagit Co.,120 Wash. 58, 206 P. 834 (1922).
Other types of taxes would have to be evaluated with their particular operation and effect in mind. It is possible that a "transfer tax" on the leasing of hunting rights would not be prohibited. Although certain transfers of interests in real property are subject to the state "Real Property Transfer Tax" set out at A.C.A. §§ 26-60-101—112, this chapter has not been construed by the Department of Finance and Administration to apply to leases of hunting rights. There thus does not appear to be any current state transfer tax on these leases, which would "preempt the field" and prohibit a county from imposing such a tax. See Kollmeyer v. Greer, 267 Ark. 632, 593 S.W.2d 29
(1980).
It may also be possible, however, that a tax of this nature, if it were sufficiently connected with the regulation of wildlife, would impinge upon the jurisdiction of the Arkansas Game and Fish Commission. These factors will have to be evaluated in light of the particular tax the county proposes. No definitive ruling can be given in response to your very generally drafted question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It is my understanding that this is not currently a widespread practice in Arkansas, but that the Assessment Coordination Division of the Public Service Commission is cognizant of the fact that the value of hunting rights leases might be included in the assessment of such land.