The Honorable James G. Dietz State Representative 5301 Warden Road, Suite H-1 North Little Rock, AR 72116
Dear Representative Dietz:
This is in response to your request, on behalf of North Little Rock Mayor Patrick H. Hays, for an opinion concerning Act 903 of 1993. This act amended A.C.A. § 20-28-104(a)(1) to increase the annual fee collected by the Department of Health from certain water systems from fifteen cents to not more than twenty-five cents per service connection per month. Act 903 also amended §20-28-105(b) to allow such water systems to recover up to twenty-five cents from customers. Your questions regarding this act have been paraphrased below and are answered in the order posed:
 1. Should the local water systems discontinue collections as of July 1, 1993 of the fifteen cent charge authorized by A.C.A. § 20-28-105(1)?
 2. Is the twenty-five cent charge authorized by Act 903 of 1993 a fee or a tax?
It is my opinion, with regard to your first question, that the answer is "yes."
This office has recently issued Op. Att'y Gen. 93-150, a copy of which is enclosed, concerning Act 903 of 1993. This opinion addressed your first question and concluded that, because Act 903 of 1993 does not go into effect until August 13, 1993, and the Code section which authorizes the water systems to assess a direct charge of fifteen cents on the bills of service connections (A.C.A. § 20-28-105(b)(1)) ceases to be effective July 1, 1993, there is no provision for the water systems to collect the fifteen cent charge after July 1, 1993.
I am aware of the fact that this conclusion may, in all likelihood, pose an administrative burden on the water systems involved in light of the fact that their billing systems will likely reflect up to three changes in three consecutive monthly billing cycles (i.e., the fifteen cent charge authorized until July; no charge authorized until August 13, 1993; and a charge of up to twenty-five cents authorized on and after August 13, 1993.) However, this conclusion is nevertheless compelled in light of the fact that the emergency clause in Act 903 of 1993 apparently failed to receive the vote of two-thirds of the members of both houses as required by Amendment 7 to the Arkansas Constitution. The emergency clause proposed that the act would go into effect July 1, 1993 and thus would have allowed water systems to continue the collection of these fees without interruption. The Arkansas Supreme Court has stated that in cases where an emergency clause is held invalid, the statute takes effect when it would have become effective without an emergency clause.Beaumont v. Faubus, 239 Ark. 801, 394 S.W.2d 478 (1965). This office has recently opined that legislation passed in the Seventy-Ninth regular session of the Arkansas General Assembly that did not carry an emergency clause or a specified effective date becomes effective on August 13, 1993. See Op. Att'y Gen. 93-149A. Act 903 of 1993, accordingly, becomes effective August 13, 1993 and this is the date on which water systems may "recover the fees stated in § 20-28-104" by "assessing a direct charge on each bill of not more than twenty-five cents (25¢) per month per service connection." Act 903 of 1993, § (b)(1).
With regard to your second question, Mayor Hays has provided the following information in correspondence attached to your request.
 . . . [I]n my City of North Little Rock the proposed charge at Twenty Five cents ($.25) per water meter on an annualized basis would be over One Hundred Thousand Dollars ($100,000) to the North Little Rock water system. It is estimated that the services to the North Little Rock water system could be provided by a water testing laboratory for approximately Twenty percent (20%) of that amount. Is the charge authorized by Act 903 to be levied by the State Board of Health a tax or a fee on water meters? If it is a tax can it be established by the State Board of Health, since it did not receive a three fourths vote in the State Legislature?
For the following reasons, it is my opinion that the charge levied by Act 903 of 1993 is a fee, not a tax.
The Arkansas Supreme Court has recently addressed the distinction between fees and taxes. In City of Marion v.Baioni, 312 Ark. 423, 425-426, S.W.2d (1993), the court stated as follows:
 The distinction between a tax and a fee is that government imposes a tax for general revenue purposes, but a fee is imposed in the government's exercise of its police powers. City of North Little Rock v. Graham, 278 Ark. 547, 647 S.W.2d 452 (1983). An example of a fee charged in the exercise of a city's police power is found in Holman v. City of Dierks, 217 Ark. 677, 233 S.W.2d 392 (1950). There, the court held that an `annual sanitation charge' of $4.00 per business and residence which was to pay for fogging the city with insecticide three times a year was a fee, not a tax, for services to be rendered. On the other hand, the Graham court considered the validity of a North Little Rock ordinance which imposed a $3.00 per month `public safety fee' on the water bill of each household, business and apartment resident for the purpose of increasing the salaries of the city policemen and firemen and held such a fee was in actuality a tax because the so-called fee was for the cost of maintaining a traditional governmental function and services already in effect and not for a special service as was the case in the Holman case. 278 Ark. at 549, 647 S.W.2d at 453. As is illustrated by the Graham decision, this court in determining whether a governmental charge, assessment or fee is a tax is not bound by how the enactment or levy labels it. See also City of Hot Springs v. Vapors, 298 Ark. 444, 769 S.W.2d 1
(1989); cf. Rainwater v. Haynes, 244 Ark. 1191, 428 S.W.2d 254 (1968).
 In [the instant] case, the chancellor reviewed considerable legal authority leading him to the general conclusion that a governmental levy or fee, in order not to be denominated a tax, must be fair and reasonable and bear a reasonable relationship to the benefits conferred on those receiving the services. We agree with the chancellor's conclusion, which seems to be the prevailing rule in other jurisdictions. . . .
To be considered a fee, then, a charge must be fair and reasonable and bear a reasonable relationship to the benefits conferred on those receiving the special services rendered. A tax, on the other hand, is a charge for the cost of maintaining a traditional governmental function and services already in effect, rather than for a special service.
Whether the fee specified in Act 903 is fair and reasonable is a question of fact which cannot be appropriately addressed in an Attorney General's Opinion. Absent a court finding to the contrary, I must assume that the twenty-five cent fee is reasonably related to the water safety services which it conveys to the users by public water systems.
Section 20-28-105(c) indicates that the charge in question is levied to assure compliance with the federal Safe Drinking Water Act. Section 20-28-106 indicates that the revenues collected by the Department of Health by these charges are "special revenues" and may be expended only as specified for the operation of the Public Water System Supervision Program.
Since this fee is imposed for a special service (compliance with the federal act) and the revenues are designated for deposit in a special fund and may not be used for general purposes, it is my opinion that the charge is a "fee" rather than a "tax."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure