The Honorable Ernest Cunningham State Representative 727 Columbia Street Helena, Arkansas 72342-2813
Dear Representative Cunningham:
This is in response to your request for an opinion on whether the City of West Helena has the authority to "levy a fee on bail bonds issued within [its] corporate boundaries."
You do not state how the tax would be collected (i.e., whether the bail bondsmen would collect the "fee" and remit it to the City, or whether the City would somehow otherwise arrange for collection of the "fee"). In addition, you have not indicated the contemplated use of the moneys generated by the "fee." A definitive answer to your question would require consideration of these factors. I can, however, set out below some general principles regarding the authority of cities to levy "fees," but cannot provide a conclusive answer to this question without reference to all pertinent facts.
It should first be noted that there may be a question as to whether such a "fee" would really be designated as a "fee" or as a "tax." The determinative factor appears to be the use of the funds generated. SeeCity of North Little Rock v. Graham, 278 Ark. 547, 647 S.W.2d 452 (1983) (a payment exacted by the municipality as a contribution toward the cost of maintaining traditional government functions already in effect such as police and fire protection and not for a specific, special service such as spraying for insects, is a tax and not a fee). See also City of Marion v.Baioni, 312 Ark. 423, 850 S.W.2d 1 (1993) (the distinction between a tax and a fee is that government imposes a tax for general revenue purposes, but a fee is imposed in the government's exercise of its police powers). The distinction is important, because, although a municipality has statutory authority to levy taxes not specifically authorized by statute, if not otherwise prohibited by law, such taxes must be authorized by the qualified electors of the city. See A.C.A. § 26-73-103
(1987). Thus, if the City of West Helena wishes to levy a fee on bail bonds issued in the City and use the funds generated as general revenue or to support traditional existing governmental functions, the "fee" would likely be characterized as a "tax," and must be approved by the electorate. Even so, there may still be concerns as to whether such a "tax" would be "otherwise prohibited by law" under A.C.A. §26-73-103(a). The following discussion on this point with regard to the legality of levying a "fee" is applicable to a "tax" as well.
If the City of West Helena plans to use the moneys generated by the "fee" to provide some special service to its citizens, the fee would in all likelihood not be considered a tax, and no election is required to authorize it. Other concerns remain, however. It must be concluded that the levy of such a fee would not conflict with any state law, or amount to legislation in an area which the state has "preempted." See generallyKollmeyer v. Greer, 267 Ark. 632, 593 S.W.2d 29 (1980). The state already levies a ten dollar fee on the issuance of bail bonds which is ultimately deposited in the "State Insurance Department Trust Fund." See A.C.A. §17-17-111 (Cum. Supp. 1993). This statute states that this fee is "in addition to any other fees, taxes, premium taxes, levy, or other assessments imposed in connection with the issuance of bail bonds by professional bail bond companies under Arkansas law." The reference to "Arkansas law" in my opinion may indicate a reference to state statutory law, and thus be evidence of a legislative intent to restrict the levy of fees on the issuance of bail bonds to those authorized by state legislation. This conclusion finds support in Miller v. Pulaski CountyCircuit Court, 284 Ark. 55, 679 S.W.2d 187 (1984), wherein it was held (under prior law) that subchapter 17 of Title 17 superseded another statute, A.C.A. § 16-84-115, which authorized judges to set the maximum amount of fees to be charged by bail bondsmen. The court concluded that the latter statute was superseded because A.C.A. §§ 17-17-101 et seq. set the maximum amount of fees. These statutes may therefore indicate that the state has preempted the field as regards fees charged by bail bondsmen, thus leaving no room for local legislation in the area.
Thus, in response to your specific question, the City of West Helena may well be prohibited from levying a "fee" on the issuance of bail bonds. The foregoing discussion of the legal principles involved should, however, be reviewed in light of all the facts surrounding the City's plan to impose the fee, including the contemplated uses of the funds generated.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh