The Honorable Kevin Smith State Senator 1609 Coker-Hampton Drive Stuttgart, AR 72160
Dear Senator Smith:
This is in response to your request for an opinion on the following question:
 Can a quorum court set salary levels for the position of constable on the basis of experience, training, and other criteria, such as having attended and passed the curriculum at the Camden Police Academy? Worded differently: If a quorum court sets a salary level for one constable in a county based on select criteria stated in the ordinance, can it by the same criteria deny that salary level to other constables in the same county who lack the required criteria?
The answer to this question turns, I believe, on the interpretation of A.C.A. § 14-14-1205(d) (Cum. Supp. 1993), which states:
 The compensation of all constables serving in any official capacity established by law shall be fixed by ordinance of the quorum court in each county.
I cannot conclude, based upon this language, that the legislature intended to authorize different salary levels for the office of constable. This Code section must be construed just as it reads, giving the words their ordinary and usually accepted meaning in common usage.See generally City of Hot Springs v. Vapors Theatre Restaurants, Inc.,298 Ark. 444, 769 S.W.2d 1 (1989); Bolden v. Watt, 290 Ark. 343,719 S.W.2d 428 (1986). Established rules of statutory construction require that legislative intent be discerned from the language employed if a statute is clear on its face. Wilcox v. Safley, 298 Ark. 159,766 S.W.2d 12 (1989).
It may reasonably be contended, applying these precepts, that the legislature has not authorized different salary levels for constables under the language of § 14-14-1205(d). The phrase "[t]he compensation of all constables" would appear instead to require that the compensation be fixed in the aggregate. See Black's Law Dictionary 68 (5th ed. 1979) (defining "all" as "[t]he whole number or sum of — used collectively, with a plural noun or pronoun expressing an aggregate.") See alsoWebster's Seventh New Collegiate Dictionary 23 (1972). Thus, "all constables" receive "[t]he compensation" fixed by county ordinance. This interpretation may be buttressed by the phrase "serving in any official capacity established by law" as that phrase suggests that every constable receives the compensation regardless of the capacity in which he serves.
It should perhaps also be noted that constables are elected under the constitution (Ark. Const. art. 7, § 47); and their duties and qualifications are prescribed by the legislature (A.C.A. §14-14-1301(b)(2)). It reasonably follows that the legislature intended to prescribe uniform compensation for these constitutional officers who, once elected and commissioned (Ark. Const. art. 7, §§ 47 and 48), presumably meet the requisite qualifications to serve. A clearer expression of legislative intent than that reflected in § 14-14-1205(d) would, in my opinion, be required in order to conclude that different compensation levels may be fixed for these officers.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh