The Honorable Fay W. Boozman, III State Senator 2901 Honeysuckle Lane Rogers, AR 72758
Dear Senator Boozman:
This is in response to your request for an opinion on the following question:
 Can the Quorum Court waive second and third readings without first declaring a true emergency?
It is stated in correspondence attached to your request that at the April meeting of the Washington County Quorum Court, there were several items on first reading that were of interest to some in the audience. It is further stated that "[w]hether intended or not, the [Quorum Court] placed those items on third reading then and there and the public had no ability to give comment." Letter from Ralph Thomas Hudson to Senator Fay Boozman (April 22, 1996).
A conclusive answer to your question may require reference to the particular measure or item in question. As a general matter, emergency measures do not require separate readings or publication prior to passage. See A.C.A. § 14-14-908(d) (1987). An emergency ordinance must, however, contain a declaration that an emergency exists and it must define the emergency. Id. at subsection (c). An emergency ordinance may be enacted only to meet "public emergencies affecting life, health, safety, or the property of people." Id. at subsection (a).
If the particular measures in question were not emergency ordinances, i.e., they did not contain a declaration that an emergency exists and they were not designated "emergency ordinances" (see A.C.A. §14-14-908(c)), then the requirement of three separate readings may be dispensed with by a vote of two-thirds of the quorum court. Arkansas Code Annotated § 14-14-905 states in relevant part as follows:
 All ordinances or amendments to existing ordinances of a general or permanent nature shall be fully and distinctly read on three (3) different days unless two-thirds (2/3) of the members composing the court shall dispense with the rule.
A.C.A. § 14-14-905(c) (1987).
It should be noted, finally, that specific authority exists for enacting emergency, appropriation, initiative, or referendum measures in a single meeting. The last sentence of subsection (c) of § 14-14-905, supra,
states:
 This subsection shall not serve to restrict the passage of emergency, appropriation, initiative, or referendum measures in a single meeting as provided by law.
With regard, specifically, to appropriation ordinances, A.C.A. §14-14-907(d) (1987) states that "[a]n appropriation ordinance may be enacted without separate readings or publication prior to passage." Appropriation ordinances that are approved without three separate readings, however, require a two-thirds vote for passage. A.C.A. §14-14-907(e).
It is thus possible, depending upon the particular type of ordinance or measure involved, that separate readings were not required or that such requirement, if applicable, was properly waived. It should perhaps also be noted that suspension of the rule requiring three separate readings is not required as to ordinances that are unanimously adopted. Seegenerally Holman v. City of Dierks, 217 Ark. 677, 678, 233 S.W.2d 392
(1950), citing Young v. City of Gurdon, 169 Ark. 399, 275 S.W. 890
(1925), wherein the court held that the legal effect of unanimous action is to dispense with the need for formally suspending the rules.
It is thus apparent that a factual review will be necessary in order to conclusively answer your question. The foregoing should, however, be of help in identifying the legal framework for that review.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh