The Honorable E. Ray Stalnaker State Representative 11714 Arch Street Pike Little Rock, Arkansas 72206
Dear Representative Stalnaker:
This is in response to your request for an opinion, made during your term of office, on the legality of the collection of a fee added to the water bills of residents in Alexander, Arkansas. Specifically, you have enclosed a copy of an ordinance from that city (No. 98-009), which authorizes "Little Rock Water"[1] to "collect four dollars and fifty cents on the water bill (4.50) for all Alexander customers." The ordinance also provides that: "[a]ll other residential units which have group or co-op water sources (i.e. apartment complexes or trailer parks) — the landlord or (or property owner) will collect $4.50 per residential unit. Four dollars ($4.00) per residential unit will be paid to the city." The ordinance provides for the landlord or property owner to retain fifty cents per residential unit to defray administrative costs. You note that this fee is collected in addition to the regular water usage cost. The ordinance provides that the moneys raised by the fee "will be used for building and operating the multi purpose building, (fire, police and court)."
You pose three questions concerning this fee, which are as follows:
1. Is it legal to collect this fee?
 2. Is it legal to collect it in the manner in which it is being collected?
3. Is the fee a tax?
Your questions essentially focus on one issue, and that is whether the City of Alexander is within its authority to levy the fee prescribed by the ordinance. The most usual avenue of attack against similar fees is an allegation that they constitute "taxes" rather than "fees," and are therefore invalid under A.C.A. § 26-73-103(a) unless adopted at a special or general election by the qualified electors of the city. You have not indicated that the voters adopted the fee collected in Alexander. Section26-73-103(a) provides in pertinent part as follows:
 (a) In addition to all other authority of local governments to levy taxes provided by law, any county, acting through its quorum court, or any municipality, acting through its governing body, may levy any tax not otherwise prohibited by law. However, no ordinance levying an income tax authorized by this subchapter or any other tax not authorized shall be valid until adopted at a special or general election by the qualified electors of the city or in the area of the county where the tax is to be imposed, as the case may be.
Taxes, therefore, may not be levied by a city without specific statutory authority, unless approved by the voters. This proscription applies, however, only against "taxes" and not "fees." The Arkansas Supreme Court has delineated the distinction between these two concepts. In City ofMarion v. Baioni, 312 Ark. 423, 850 S.W.2d 1 (1993), the court stated:
 The distinction between a tax and a fee is that government imposes a tax for general revenue purposes, but a fee is imposed in the government's exercise of its police powers. City of North Little Rock v. Graham, 278 Ark. 547, 647 S.W.2d 452 (1983). An example of a fee charged in the exercise of the city's police power is found in Holman v. City of Dierks, 217 Ark. 677, 233 S.W.2d 392 (1950). There, the court held that an `annual sanitation charge' of $4.00 per business and residence which was to pay for fogging the city with insecticide three times a year was a fee, not a tax, for services to be rendered. On the other hand, the Graham court considered the validity of a North Little Rock ordinance which imposed a $3.00 per month `public safety fee' on the water bill of each household, business and apartment resident for the purpose of increasing the salaries of the city policemen and firemen and held such a fee was in actuality a tax because the so-called fee was for the cost of maintaining a traditional governmental function and services already in effect and not for a special service as was the case in the Holman case. 278 Ark. At 549, 647 S.W.2d at 453. As is illustrated by the Graham decision, this court in determining whether a governmental charge, assessment or fee is a tax is not bound by how the enactment or levy labels it. See also City of Hot Springs v. Vapors, 298 Ark. 444, 769 S.W.2d 1 (1989); cf. Rainwater v. Haynes, 244 Ark. 1191, 428 S.W.2d 254 (1968).
City of Marion v. Baioni, 312 Ark. At 425. See also Barnhart v. City ofFayetteville, 321 Ark. 197, 900 S.W.2d 539 (1995), ($2.02 city sanitation charge used to wrap up sanitation authority's debt was a tax and not a fee because unrelated to the services provided).
The distinction between a "tax" and a "fee" is thus determined, at least in part, by the use of the proceeds. The court in Baioni found the charge at issue therein to be a "fee," rather than a "tax" because the ordinance in question required the fees to be segregated and placed into accounts to be used solely and exclusively to expand the capacity of the city's water and sewer systems. The relevant Alexander ordinance allocates the funds to "building and operating the multi purpose building, (fire, police and court)." Alexander Ordinance No. 98-009. The question of whether this use of the funds is for maintaining a traditional governmental function and services already in effect is one for a factfinder.
I have been given very limited facts concerning the imposition and use of the fee at issue. Consultation with the normal counsel for the City of Alexander is indicated. The discussion of the relevant law set out above should provide guidance on the issue.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] It is not indicated from your request, but I assume that this is the entity that provides water service to the residents of the City of Alexander.