Mr. Ray Simon, Director Arkansas Department of Education 4 State Capitol Mall Little Rock, AR 72201-1071
Dear Mr. Simon:
I am writing in response to your request for an opinion regarding A.C.A. § 6-23-506 and the disposition of assets following the closure of an open-enrollment charter school. You note that the State Board of Education ("State Board") accepted the voluntary surrender of the charter for Gateway Charter School ("Gateway") on September 10, 2001, and that the Department of Education ("Department") is in the process of securing all assets purchased by the school with public funds. You have provided an inventory of the property dated September 7, 2001. You state further that the property in question was purchased using federal grant funds and state funds.
Your specific questions in this regard are as follows:
 1. Does the State Board have the authority to sell or re-distribute the property to new or existing public charter schools, public school districts, educational cooperatives, or the Department of Education, and if so, what legal procedures should the State Board follow in selling or distributing such property?
 2. What is the legal interpretation of the meaning of the language `net assets' as used in Ark. Code Ann. § 6-23-506 as it applies to the property in question? Specifically, is the sponsoring entity, Ozarks Unlimited Resources Cooperative, entitled to claim ownership to any of the property of any of the proceeds derived from a sale of the property in order to satisfy a negative balance occurring on its financial books with regard to the charter school? [You note with regard to this question that there was no remaining debt obligation associated with any of the property of the charter school, i.e., all property was purchased free and clear of any debt obligation, nor was there any debt obligation attached to the charter school itself; but the sponsoring entity had a negative balance on its financial books with regard to the sponsorship of the charter school.]
RESPONSE
It is my opinion that the answer to your first question is a qualified "yes" with regard to surplus computer equipment and electronics, pursuant to the Arkansas Computer and Electronic Solid Waste Management Act (A.C.A. § 25-34-101 et seq. (Supp. 2001)). As for other property listed in the Gateway inventory, it is my opinion that the answer is "no" because any sale or redistribution must be in accordance with and is subject to A.C.A. §§ 19-4-1503 (transfer of property and sale of surplus property by State Chief Fiscal Officer) and 25-8-106 (marketing and redistribution of state personal property). It is my opinion that the answer to your specific inquiry under Question 2 is "no." I interpret the term "net assets" in this context as meaning property remaining after any debt obligation attached to the property is satisfied.
Question 1 — Does the State Board have the authority to sell orre-distribute the property to new or existing public charter schools,public school districts, educational cooperatives, or the Department ofEducation, and if so, what legal procedures should the State Board followin selling or distributing such property?
Although I lack sufficient facts to make a conclusive determination, it is possible that the answer to this question is "yes" with regard to surplus computer equipment and electronics. The newly adopted Arkansas Computer and Electronic Solid Waste Management Act (A.C.A. § 25-34-101 etseq. (Supp. 2001)) addresses the management and sale of "surplus computer equipment," which is defined as "computer components no longer in use in an agency and which have residual market value." A.C.A. § 25-34-103(9). The act requires that an agency-wide policy for the management and sale of such equipment be presented to the Executive Chief Information Officer and the Legislative Council within sixty days after August 13, 2001. A.C.A. § 25-34-104. A "plan to account for the sale of used equipment" is also required. A.C.A. § 25-34-105(b). The disposition of unsold surplus equipment is addressed in A.C.A. § 25-34-107, which provides in part that unsold equipment "may be donated by the owning agency to Arkansas public schools if the agency policy so provides." Id. at subsection (a)(1). Unsold equipment may also be sent to the Marketing and Redistribution Section of the Office of State Procurement for sale, donation, or disposal. Id. at subsection (b)(1).
Depending upon the pertinent policies in this regard, therefore, it is my opinion that the State Board[1] likely has the authority under the above Code sections to either sell or donate the inventoried computer and electronic equipment to Arkansas public charter schools, public school districts, or educational cooperatives. In the absence of an authorizing policy under the Arkansas Computer and Electronic Solid Waste Management Act, however, it is my opinion that any sale or redistribution will be governed by A.C.A. §§ 19-4-1503 (Repl. 1998) and 25-8-106 (Supp. 2001). Section 19-4-1503 authorizes the State Chief Fiscal Officer to transfer property and equipment from one agency to another, and to sell surplus property and equipment "as authorized by § 25-8-106." This latter Code section governs the marketing and redistribution of state personal property, and in my opinion will apply to the property in question, with the possible exception of computer equipment and electronics as discussed above. See also A.C.A. § 25-8-106(b)(2)(b)(ii).[2] Section 25-8-106
requires that state agencies utilize the services of the Marketing and Redistribution Section within the Office of State Procurement of the Department of Finance and Administration. A.C.A. § 25-8-106(b)(2)(A) (Supp. 2001). The State Board has no independent authority under this section to sell or redistribute property.
Question 2 — What is the legal interpretation of the meaning of thelanguage `net assets' as used in Ark. Code Ann. § 6-23-506 as it appliesto the property in question? Specifically, is the sponsoring entity,Ozarks Unlimited Resources Cooperative, entitled to claim ownership toany of the property or any of the proceeds derived from a sale of theproperty in order to satisfy a negative balance occurring on its financialbooks with regard to the charter school?
Arkansas Code Annotated § 6-23-506 provides as follows:
 Upon dissolution of the open-enrollment charter school or upon nonrenewal of the charter, all net assets of the open-enrollment charter school purchased with public funds shall be deemed the property of the state, unless otherwise specified in the charter of the open-enrollment charter school.
A.C.A. § 6-23-506 (Repl. 1999) (emphasis added).
The first rule in determining the meaning of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common usage. City of Hot Springs v. The Vapors TheatreRestaurant, 298 Ark. 444, 769 S.W.2d 1 (1989); Bolden v. Watt,290 Ark. 343, 719 S.W.2d 428 (1986). Black's Law Dictionary defines "Net assets" under "Assets" as "[e]xcess of assets over liabilities." Black's
(5th ed. 1979) at 108. In the specific context of § 6-23-506, therefore, I interpret "net assets" as meaning the excess of assets over liabilities in connection with assets that were purchased with public funds. You have stated that there was no remaining debt obligation associated with any of the property of the charter school. Accordingly, all of the assets that were purchased with public funds are "deemed the property of the state," unless the charter specified otherwise. In my opinion, there is no basis upon which the sponsoring entity can claim ownership of the property or any of the proceeds derived from a sale thereof.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] It is my opinion that the State Board, as the governing authority over charter schools (see the Arkansas Charter Schools Act of 1999, codified at A.C.A. § 6-23-101 et seq.), has regulatory oversight with respect to this property, although the Department of Education is probably the agency in actual possession of the property, or the "owning agency" in this instance. See A.C.A. § 25-34-107(a)(1), supra.
[2] Section 25-8-106(b)(2)(B)(ii) removes sales of surplus computers to state agency employees from the mandatory requirements of § 25-8-106, consistent with the Arkansas Computer and Electronic Solid Waste Management Act, supra. See A.C.A. § 25-34-106(a) (Supp 2001) (providing for sales to agency employees at a price not less than 10% above depreciated value if an agency policy established under § 25-34-104
provides for such preferential sale).