The Honorable Sue Madison State Senator 573 Rock Cliff Road Fayetteville, AR 72701
Dear Senator Madison:
I am writing in response to your request for my opinion on the following questions:
 1. Under Act 1719 of 2003 (Senate Bill 620), can a city council/municipality enact impact fees for roads, fire stations, and police protection?
 2. If so, could such a fee be considered a tax and therefore require a vote of the public?
RESPONSE
The answer to your first question is, generally, "yes." The answer to your second question is "no," in my opinion, as to impact fees that comply with Act 1719 of 2003 (A.C.A.14-56-103 (Supp. 2003)).
Question 1-Under Act 1719 of 2003 (Senate Bill 620), can a citycouncil/municipality enact impact fees for roads, fire stations, andpolice protection?
Act 1719 of 2003, which is codified at A.C.A. § 14-56-103 (Supp. 2003), authorizes a municipality or a "municipal service agency" to assess a "development impact fee" in order to generate revenue "to offset costs . . . that are reasonably attributable to providing necessary public facilities to new development." Id. at subsection (b).[1] "Public facilities" are defined as "publicly owned facilities that are one (1) or more of the following systems or a portion of those systems:"
 (A) Water supply, treatment, and distribution for either domestic water or for suppression of fires;
(B) Wastewater treatment and sanitary sewerage;
(C) Storm water drainage;
(D) Roads, streets, sidewalks, highways, and public transportation;
(E) Library;
(F) Parks, open space, and recreation areas;
(G) Police or public safety;
(H) Fire protection; and
(I) Ambulance or emergency medical transportation and response.
Id. at (a)(7).
As you can see, roads and fire and police protection are specifically included within the "public facilities" for which impact fees may be assessed. The answer to your first question is, therefore, generally "yes."
Question 2-If so, could such a fee be considered a tax and thereforerequire a vote of the public?
The answer to this question is "no," in my opinion, with regard to a development impact fee that has been assessed in compliance with A.C.A. § 14-56-103.
I assume as an initial matter in addressing this question that your inquiry concerning the status of such an impact fee as a "tax," and the concomitant requirement of an election, has reference to A.C.A. §26-73-103 which requires an election in the case of any tax that has not been authorized by law. This Code section authorizes counties and cities to levy "any tax not otherwise prohibited by law[,]" and states further:
 However, no ordinance levying an income tax authorized by this subchapter or any other tax not authorized shall be valid until adopted at a special or general election by the qualified electors of the city or in the area of the county where the tax is to be imposed, as the case may be.
A.C.A. § 26-73-103 (a) (Repl. 1997) (emphasis added).
It is my opinion that this provision does not apply to a development impact fee authorized under A.C.A. § 14-56-103. Even if this fee were a tax, it has been "authorized" by § 14-56-103. This clearly takes it out of the requirements of § 26-73-103. As discussed below, a separateconstitutional question might arise if the impact fee constituted a "tax." But this has no bearing on whether an election is required.
Because you have mentioned the possible characterization of the fee as a tax, I will address that issue. I believe it is clear from the language of A.C.A. § 14-56-103 that the development impact fee authorized therein is designed to require that development pay its proportionate share of the cost of providing public facilities required by new development. See
A.C.A. § 14-56-103(d)(1) (providing that a municipality "may assess and collect impact fees only from new development and only against a new development in reasonable proportion to the demand for additional capacity in public facilities that is reasonably attributable to the use and occupancy of that new development.")[2] This indicates that the statute on its face authorizes a fee and not a "tax" for general revenue purposes. Compare Barnhart v. City of Fayetteville, 321 Ark. 197,900 S.W.2d 539 (1995) (monthly surcharge that was unrelated to sanitation services provided by the city held to be a "tax"). See also generallyMarion v. Baioni, 312 Ark. 423, 425, 850 S.W.2d 1 (1993) (observing that "[t]he distinction between a tax and a fee is that government imposes a tax for general revenue purposes, but a fee is imposed in the government's exercise of its police power[;]") and City of North LittleRock v. Graham, 278 Ark. 547, 647 S.W.2d 452 (1983) (addressing general distinction between a "tax" and a "fee").
Of additional note in this regard, development impact fees may be assessed, collected, and expended only under a "development impact fee ordinance" in compliance with § 14-56-103, and only after the municipality or municipal service agency has adopted a "capital plan and level of service standards for all of the public facilities that are to be so financed." Id. at subsection (e)(1) and (2). A "capital plan" means "a description of new public facilities or of new capital improvements to existing public facilities or of previous capital improvements to public facilities that continue to provide capacity available to new development that includes cost estimates and capacity available to serve new development." Id. at (a)(1). The ordinance to be adopted must contain the following:
 A) A statement of the new public facilities and capital improvements to existing public facilities that are to be financed by impact fees and the level of service standards included in the capital plan for the public facilities that are to be financed with impact fees;
 (B) The actual formula or formulas for assessing the impact fee, which shall be consistent with the level of service standards;
 (C) The procedure by which impact fees are to be assessed and collected; and
 (D) The procedure for refund of excess impact fees in accordance with subsection (h) of this section.
Id. at (e)(3).
Funds collected under the ordinance are deposited into a special interest-bearing account and no other revenues may be placed in this account. Id. at (g)(1) and (3). The fee may be used only for the planning, design, and construction of new public facilities or capital improvements to existing facilities, or to recoup prior capital improvements to public facilities. Id. at (c)(1).
In my opinion, these provisions effectively distinguish the impact fee contemplated by A.C.A. § 14-56-103 from a "tax." See generally Graham,supra.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] A "municipal service agency" is defined as: "(A) Any department, commission, utility, or agency of a municipality, including any municipally owned or controlled corporation; (B) Any municipal improvement district, consolidated public or municipal utility system improvement district, or municipally owned nonprofit corporation that owns or operates any utility service; (C) Any municipal water department, waterworks or joint waterworks, or a consolidated waterworks system operating under the Consolidated Waterworks Authorization Act, §25-20-301 et seq.; (D) Any municipal wastewater utility or department; (E) Any municipal public facilities board; or (F) Any of these municipal entities operating with another similar entity under an interlocal agreement in accordance with § 25-20-101 et seq. or § 25-20-201 et seq.[.]" A.C.A. § 14-56-103(a)(5) (Supp. 2003).
A "development impact fee" is "a fee or charge imposed by a municipality or by a municipal service agency upon or against a development in order to generate revenue for funding or for recouping expenditures of the municipality or municipal service agency that are reasonably attributable to the use and occupancy of the development." Id. at (a)(3)(A).
[2] "Development" means "any residential, multifamily, commercial, or industrial improvement to lands within a municipality or within a municipal service agency's area of service[.] Id. at subsection (a)(2).